Bartley *et al. v.* Phillips.

No. 12,118.

BARTLEY ET AL. *v.* PHILLIPS.

SPECIAL JUDGE.—*Appointment.—Presumption of Regularity.—Supreme Court.*
—Where the record is silent upon the subject, it will be presumed, on
appeal, that the special judge who tried the cause was regularly ap-
pointed, and objection to his authority to preside can not be made for
the first time in the Supreme Court.

PRACTICE.—*Special Finding.— Venire de Novo.*—A motion for a *venire de novo*
will not be sustained unless the verdict or finding is so defective and un-
certain upon its face that no judgment can be rendered upon it.

SAME.—*Motion for New Trial.*—If all the facts are not found, or if facts are
stated in the special finding which the proof does not warrant, the only
remedy is by a motion for a new trial.

From the Noble Circuit Court.

*L. W. Welker*, for appellants.

*H. G. Zimmerman* and *J. H. Baker*, for appellee.

ZOLLARS, J.—Judgment was rendered below against ap-
pellant John S. Bartley for the amount of several promissory
notes, and a decree foreclosing a mortgage executed by him
and wife was rendered against all of the defendants, appel-
lants here.

Appellants, except John S. Bartley and wife, were made
parties defendant for the reason, as averred in the complaint,
that they claimed to have liens upon the land covered by the
mortgage.

Hannah Bartley, one of the defendants below, and appel-
lant here, held a mortgage, the lien of which the court below
held was and is subject to. the lien of appellee's mortgage.

On the thirteenth day of the March term, 1884, of the court
below, Hon. R. Wes. McBride, the regular judge of that
court, being unable, on account of sickness, to hold his court,
duly appointed Hon. P. V. Hoffman a special judge to pre-
side and hold the court until he, Judge McBride, could re-
turn.   For some reason not stated, the county officers, upon

the same day, also appointed Mr. Hoffman as special judge to hold the court until the return of the regular judge. Mr. Hoffman at once took the proper oath and entered upon the discharge of his duties. The trial of this case was completed on the twenty-fourth day of the term, and, by agreement of the parties in open court, the special judge took the same under advisement until the second day of the succeeding term, thus taking time to decide the case, and to prepare a special finding of facts, with his conclusions of law thereon. The first entry in the cause at the succeeding term, as shown by the record, is, that " on the 10th day of June, 1884, the same being the second judicial day of the June term of said Noble Circuit Court, * * * before the Hon. R. Wes. Mc-Bride, judge of the thirty-fifth judicial circuit, the following proceedings were had by said court: * * * Come again the parties, and comes also Publius V. Hoffman, the judge who tried this cause at the March term, 1884, of this court, and takes his seat as judge in this cause, and, by agreement of the parties now here made in open court, further time is given to said Hoffman until Monday the second week of the present term of this court to make and announce his special finding of facts in this cause, and state his conclusions of law thereon." The record further shows that, on the 16th day of June, being the seventh judicial day of the term, the special judge and the parties were again in court, and again, by agreement of the parties, the time was extended until the 24th day of the month for the preparation and filing of the special finding of facts, etc. On that day, by a like agreement, the time was again extended until the 26th day of the month. On the 26th, the special judge and the parties were again in court, and the special finding of facts, with the court's conclusions of law thereon, was filed.

John S. Bartley and Hannah Bartley excepted to the conclusions of law. John S. Bartley moved for a *venire de novo*, which being overruled, he excepted, and filed his mo-

tion for a new trial, which motion was also overruled, and he again excepted.

It is not claimed that the appointment of Mr. Hoffman as judge *pro tempore* was not valid in the first instance, but the claim is, that his authority to act in the cause ceased with the March term of the court, and the return of the regular judge at the June term, and that, therefore, all of his acts, subsequent to the March term, when he took the cause under advisement, were and are void. In some of the earlier cases, under statutes then in force, it was held that a special judge, or judge *pro tempore*, could do nothing in a cause after the term at which he was appointed. *Greenup* v. *Crooks*, 50 Ind. 410. And in some of those cases it was held that, upon appeal to this court, the record must affirmatively show a legal appointment of the special judge, or judge *pro tempore*, in the mode prescribed by the statute. *Board, etc.*, v. *Coats*, 17 Ind. 150.

It has been held, however, and all of the later cases are to that effect, that where no objections were made to the special judge, or judge *pro tempore*, and no questions were made below as to the regularity of his appointment, the record upon appeal need not show the manner of his appointment, and that, the record being silent in such case, this court will presume that the appointment was properly and legally made, provided there was in force a statute under which an appointment might have been made; and further, that the record in this court being silent upon the subject, a party can not make the objection here, for the first time, that the appointment of the special or *pro tempore* judge was not properly made. *Feaster* v. *Woodfill*, 23 Ind. 493. That case overruled the case of *Board, etc.*, v. *Coats, supra. Kennedy* v. *State*, 53 Ind. 542; *Case* v. *State*, 5 Ind. 1; *Watts* v. *State*, 33 Ind. 237; *State, ex rel.*, v. *Murdock*, 86 Ind. 124; *Winterrowd* v. *Messick*, 37 Ind. 122; *Board, etc.*, v. *Seaton*, 90 Ind. 158; *Kenney* v. *Phillipy*, 91 Ind. 511; *Zonker* v. *Cowan*, 84 Ind. 395; *Powell* v. *Powell*, 104 Ind. 18 (29);

*Rogers* v. *Beauchamp*, 102 Ind. 33.   See, also, *Huffman* v. *Cauble*, 86 Ind. 591.

If, in the case before us, it should be conceded that Mr. Hoffman's authority to act in the cause ceased with the March term, at which he was appointed, it would not follow that we should hold here that his acts at the June term were without authority, and void.   The regular judge had the same authority to appoint him to preside in the case at the . June term that he had at the March term.   As to whether or not such reappointment was made at the June term the record is silent.   If such a reappointment was necessary, the record being silent, this court will presume that it was properly made.   *Board, etc.,* v. *Courtney,* 105 Ind. 311 (317).

Whether Mr. Hoffman, by virtue of his appointment at the March term, had authority, without any reappointment, to finally dispose of the case at the succeeding term under section 415, R. S. 1881, is a question which we need not, and do not, here decide.   See *Beitman* v. *Hopkins,* 109 Ind. 177.

That the court failed to find and state in its special findings any facts that may have been proven, or failed to find and state therein the force and effect of a certain clause in the mortgage, are questions not properly raised by a motion for a *venire de novo.*   If all the facts were not found, or if facts are stated in the special findings of facts which the proof did not warrant, the remedy, and the only remedy, was by a motion for a new trial.

The force and effect of provisions in the mortgage were questions of law, and not of fact.

A motion for a *venire de novo* will not be sustained unless the verdict or finding is so defective and uncertain upon its face that no judgment can be rendered upon it.   *Brickley* v. *Weghorn,* 71 Ind. 497 ; *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582 ; *Western Union Tel. Co.* v. *Brown,* 108 Ind. 538 (544), and cases there cited; *Stix* v. *Sadler,* 109 Ind. 254 ; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151 ; *Baughan* v. *Baughan, ante,* p. 73.

It is claimed that the finding and judgment of the court below are not sustained by sufficient evidence. The evidence is voluminous and contradictory. There is evidence tending to sustain the findings below. Such being the case, this court can not reverse the judgment on the weight of the evidence.

It is further claimed that a new trial should have been granted to John S. Bartley upon the ground of newly discovered evidence. We do not think that in his motion and affidavit in support thereof he stated sufficient facts to show that he exercised the requisite diligence to discover the evidence before the trial. Especially is that so in view of the fact that the motion for a new trial, in which the newly discovered evidence was assigned as one of the causes, was the second application at the same term. We need add nothing further than to cite some of our own cases. *Hines* v. *Driver*, 100 Ind. 315; *Du Souchet* v. *Dutcher*, 113 Ind. 249; *Pemberton* v. *Johnson*, 113 Ind. 538.

Having determined that the record presents no available error in the overruling of the motion for a new trial, it is not necessary that we shall finally decide as to whether or not, under a clause in the mortgage, all of the notes secured thereby had become due in such a sense as to let in defences against them in the hands of appellee. See, however, *Moore* v. *Sargent*, 112 Ind. 484; *First Nat'l Bank* v. *Peck*, 8 Kans. 660; *Noell* v. *Graves*, 8 Cent. L. J. 353.

It is contended by counsel for appellee that this court can not consider the evidence, nor the motion for a new trial so far as it relates to the evidence, for the reason that all of the evidence is not in the record; that the record affirmatively shows that three promissory notes were introduced in evidence, which are in no way in the record; and, further, that none of the assignments of error can be maintained, for the reason that they are jointly assigned by all of the appellants, and can not possibly be maintained as to some of them.

We have passed over the questions thus made by counsel,

because we conclude that the judgment must be affirmed, and because of the earnestness with which counsel for appellants has pressed his arguments for a reversal of the judgment.

Judgment affirmed, with costs.

Filed March 28, 1888.