No. 88.

## ALEXANDRIA MINING AND EXPLORING COMPANY *v.*
## PAINTER ET AL.

NATURAL GAS.— *Unduly Increasing Pressure.—Burning a Customer's House. —Defective Flue.—Contributory Negligence.*—If a furnisher of natural gas negligently increase the pressure of gas in a consumer's pipe so beyond the accustomed pressure that it overheats the stove of the customer, and, without the latter's fault, sets fire to his house and destroys it, he is liable to the consumer thus injured for the amount of his damages; but if the house catch fire by reason of a defective flue, then the furnisher of the gas is not liable, although the consumer had no notice of the defect; and it is error to refuse to so instruct the jury at the request of the furnisher.

SAME.—*Failure to Pay for Gas Furnished.—Trespasser.*—The furnisher of the gas can not escape liability on the ground that it was the contract between him and the consumer that if a bill for gas furnished was not paid when due, the former had the right to cut off the supply of gas, and that the fire occurred after the bill was due and before it was paid. In such an instance the consumer is not a trespasser.

SAME.—*Subsequent Vendee not Liable.—Assumption of Vendor's Liabilities.— Evidence.*—A person who has purchased the plant of the furnisher after the fire has occurred is not liable for the damages; and the contract of purchase is inadmissible in evidence, even though the purchaser assumes in the contract all liabilities of the vendor—no allegation of such assumption being in the complaint.

VENIRE DE NOVO.—*Use of Plural "Defendants."—Only One Defendant Found Against.*—The use of the word "defendants," when there is more than one, followed by the name of only one defendant, does not render the verdict so uncertain as to entitle the defendant named to a *venire de novo.*

SAME.—*Failure to Find Against all the Defendants.*—If the finding is against one of several defendants by name, the omission to find in favor of the other defendants is not ground for a *venire de novo.*

PARTNERSHIP —*Partners Individually Liable for Tort.*—In an action against a partnership firm for a tort, the individual members of the partnership may be held liable for the injury.

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett* and *S. M. Keltner,* for appellant.

*C. L. Henry, E. E. Hendee* and *H. C. Ryan,* for appellees.

REINHARD, J.—The complaint in this action is as follows: "The plaintiffs, Alfred M. Painter and Samantha Painter,

complain of the defendants, Alexandria Mining and Exploring Company, Samuel E. Young, Joseph J. Pickard, Arthur E. Harlan, and Edward B. Chamness, and say: That on the 19th day of November, 1887, the plaintiffs were the owners in fee of the following real estate in Madison county, in the State of Indiana, to wit: Lot No. 6 (six), in the town of Alexandria, on which was situated a dwelling-house of the value of $1,200; that on said day, and for a long time prior thereto, the defendants, under the firm name and style of J. J. Pickard & Co., were running and operating a natural gas well and a natural gas plant in said town, for the purpose of furnishing the residents of said town with natural gas, for heating and illuminating purposes; and for that purpose had their pipes, regulators, and other apparatus, laid and placed in and along the streets of said town; that at said date, and for many months prior thereto, the plaintiffs occupied, as a residence, the dwelling-house situated on said lot, and on said day were living therein, together with other members of their family; and on said day, and prior thereto, these plaintiffs were customers of the defendants, and under contract with the defendants under the name of J. J. Pickard & Co., had their stoves in said residence connected with said natural gas mains, and were using natural gas in said residence from said mains and pipes for heating two stoves; and on said date the defendants, by themselves, their agents and employes, had the pressure of gas in their said mains and pipes in said town as high, or higher, than the same should and ought to have been kept, and at the pressure where it had been maintained for several weeks, and to which pressure, these plaintiffs and other consumers had been accustomed; that on said day the defendants, by themselves, their agents and employees, without any notice to these plaintiffs, and without any knowledge or information on their part, negligently, recklessly, carelessly, and unskilfully, and without due regard to the safety of the property and lives of these plaintiffs, and other citizens of said town, increased the

Alexandria Mining and Exploring Company *v.* Painter *et al.*

pressure of the gas on said gas mains and pipes to double that at which it had been kept and maintained ; and by reason of said careless and negligent conduct of the defendants, their agents and employes, the fire that was burning in one of plaintiff's stoves in said residence, with natural gas from the said mains and pipes of the defendants, was so increased and intensified, all without notice to, or knowledge on the part of, plaintiffs, that the stove was heated to a red-hot condition, and the blaze and flames therefrom passed up through the stovepipe and into the chimney above, heating the same to such an extent that the timbers and other material of said building, and other articles of property near to said stove, stovepipe, and chimney were, by reason and on account thereof, set on fire, and the said residence, and all the personal property aforesaid situated therein, were thereby, and by reason thereof, burned and destroyed by fire, to the damage of plaintiffs in the sum of $2,000, all without any fault or negligence on the part of plaintiffs. Wherefore plaintiffs pray judgment against the defendants for the sum of $2,000, and for all other necessary and proper relief."

The appellant demurred to the complaint, and for cause alleged that the same did not state facts sufficient to constitute a cause of action against the appellant.

The demurrer was overruled and an exception saved. The overruling of the demurrer is the first error assigned.

The specific objection which the appellant urges to the complaint is, that it does not show with sufficient certainty that the appellees were free from contributory negligence.

We think the complaint sufficiently shows that the injury was caused by the negligence of the defendants, and the general averment that it all occurred without any fault or negligence of the plaintiffs is sufficient to overcome the objection urged. *City of Elkhart* v. *Witman,* 122 Ind. 538; *City of Columbus* v. *Strassner,* 124 Ind. 482.

The demurrer was properly overruled.

The defendants answered by the general denial, and upon

issues thus joined, the cause was submitted for trial to a jury who returned the following verdict:

" We, the jury, find for the plaintiffs as against the defendants, the Alexandria Mining and Exploring Company, and assess the damages at $500."

There was a motion by all the defendants for a *venire de novo*. The court sustained the motion as to all the defendants but the appellant, and overruled the motion as to it. This ruling constitutes the second alleged error.

It is insisted by the appellant that the verdict " is so uncertain and ambiguous that the court could not render judgment upon it."

This ambiguity, the appellant claims, consists in the use of the word *defendants* in place of *defendant*. There can be no uncertainty or ambiguity in the meaning of the verdict. It is quite clear that the jury found only against the one defendant, and the use of the plural noun instead of the singular was evidently a mere clerical error.

The omission to find in favor of or against the other defendants is not a ground for a *venire de novo*. Such a motion will not be sustained simply because there was an omission to find upon some of the issues. *Board, etc.,* v. *Pearson,* 120 Ind. 426.

Nor is there any ground for the claim that the theory of the complaint is that the defendants were sued as partners, and not as individuals, and that hence there could only be a joint verdict or none at all. Because the complaint alleges that the plant was operated by the defendants under the firm name of J. J. Pickard & Co., is no reason why the individual members engaged in the alleged injury could not be held as tortfeasors.

We think the court committed no error in overruling this motion.

The court rendered judgment on the verdict against the appellant.

A motion by the appellant for a new trial was overruled,

and the ruling excepted to. The overruling of the motion for a new trial is the third and last of the alleged errors.

One of the reasons assigned for a new trial was that the evidence was insufficient to sustain the verdict.

It is insisted that the verdict can not be sustained because the evidence shows that appellees were using gas in their heating stove without having first obtained the consent of the appellant or the other defendants, and that this constituted the appellees trespassers, and they could therefore recover no damages.

The appellees had a written contract with J. J. Pickard & Co., which provided, among other things, that Painter agreed to use the gas according to the rules and regulations of the company, which were made a part of the contract. One of the rules was that the firm reserved the right to shut off the supply of gas for non-payment of bills when due. The bills were payable on the 3d day of each month, and appellees had not paid for the use of any gas in the heating-stove, but in the cooking-stove only.

We do not think it necessarily follows from this that appellees were trespassers. They were indebted to the firm for the use of the gas, and the rules and regulations also provided that ten per cent. additional would be added if bills were not paid according to rules and regulations, and the supply would be shut off till payment was made.

There is nothing in the rules to prevent the appellees from using additional gas for other stoves, and it is evident that the appellees were using gas with the consent of the firm of J. J. Pickard & Co. They were, therefore, not trespassers.

Other defects in the evidence are claimed to exist, but as the cause will have to be reversed on other questions, we need not further consider the evidence.

At the proper time the appellant asked the court to give the jury a special instruction prepared by its counsel, to the effect that if the appellees caused an unsafe and defective flue to be built in their house, and if this defective flue was

the cause or contributed to the accident, the jury should find for the defendants. The court modified this instruction by inserting the clause, "*and plaintiffs had knowledge thereof*," thus instructing the jury, in effect, that although the appellees had built a defective flue which contributed to the injury, yet, unless they had knowledge of such defect, the defendants would still be liable.

This ruling of the court can not be sustained. If the appellees had constructed a dangerous or defective flue through their own ignorance, or that of the mechanic who may have built the same, and this defective condition contributed to the injury, we do not see by what rule the appellees would be excused for their contributory negligence. Nothing is better settled in this State than the rule that no action can be maintained for damages on account of negligence if the negligence of the plaintiff himself has contributed to the injury.

The word negligence implies in itself that there is not, necessarily, freedom from ignorance by one who is guilty of it. The appellees were bound to know that there was such a defect in the flue as to make it dangerous, if such was the case. There was evidence tending to prove that there was such a defect in the flue through which the fire ignited the building, and although the evidence was conflicting upon this point, the appellees had a right to have the jury instructed in the law by assuming a hypothesis most favorable to them, leaving it to the jury to determine, of course, whether or not that hypothesis was the correct one under the evidence.

During the progress of the trial the appellees introduced in evidence an article of agreement between the firm of J. J. Pickard & Co., on the one hand, and the Alexandria Mining and Exploring Company, on the other, purporting to be a transfer by said firm of all their title and interest in and to the gas mains, pipes and other property connected there-

with, and the right of way in the streets and alleys of the town, to the appellant.

This agreement was taken from the minutes of the appellant, and shows it was dated January 19, 1888. The fire occurred November 19, 1887, and this action was commenced December 27, 1887, so that the contract was made not only after the fire, but also after the commencement of this action.

The appellant objected to this evidence on account of its incompetency and immateriality, and because it did not tend to establish any of the issues in the cause, and showed on its face that it was a record made after the suit was commenced.

In support of the competency of the evidence counsel for appellees made to the court below, and refer this court to, the following statement:

" This simply shows the final closing up of the partnership arrangement; and then we desire to show it for another reason, and that is that Mr. Painter was one of the parties; that he was a member of the firm of J. J. Pickard & Co., and this shows that the Alexandria Mining and Exploring Company took the thing all in their own hands and assumed all the liabilities of this suit."

The evidence was admitted, over the objection and exception of the appellant.

We think this was error. We do not see how this agreement between the defendants, made long after this action was commenced, could be material or could tend to prove any issue in the case. The fact that the firm of J. J. Pickard & Co. had sold their interest to the appellant was not in issue. The fact that appellant had assumed all the liabilities of J. J. Pickard & Co., including whatever damages might be recovered in the present action—a provision contained in the article of agreement—was just as little in issue, and, besides, was calculated to prejudice the appellant's case by impressing upon the jury the notion that appellant had thus ad-

mitted some liability.   Whatever liability there was, existed before this agreement was made, and could not be fixed by any statements in this article.   Nor did it tend to prove who was operating the gas plant at the time of the fire.   It was simply a private agreement between the parties for a transfer of property after the injury complained of.   It contained no admission by any of the parties to the suit which was proper or material evidence against such party.   It can not be said that appellant was not harmed by the evidence.   It would naturally have a tendency to mislead the jury and prejudice the case.   The evidence should have been excluded.

Other alleged errors relied upon have either been disposed of by what has already been said, or are such as will probably not arise again in another trial.   We will, therefore, not extend this opinion further.   The motion for a new trial should have been sustained.

The judgment is reversed, at the costs of appellees, and the cause is remanded, with instructions to the court below to sustain the appellant's motion for a new trial, and for further proceedings in accordance with this opinion.

ROBINSON, J., took no part in this decision.

Filed June 10, 1891.