Adams v. Main.

No. 306.

## ADAMS v. MAIN.

HUSBAND AND WIFE.—*Action for Alienation of Wife's Affections.—Proof of Adultery not Required.*—An action by the husband for the alienation of the affections of his wife may be maintained without proof of adultery.

·SAME.—*Basis of Action.—Proof of Pecuniary Loss.*—In such action it is not essential to recovery that there should be proof of actual pecuniary loss, as the action is based on the loss of the *consortium*.

SAME.—*Evidence.—Instructions.*—An action for the alienation of a wife's affections, whether adultery is charged or not, is an action for seduction, within the meaning of section 501, R. S. 1881, which provides that in a suit by the husband for the seduction of his wife, the wife shall not be a competent witness ; and it is not error to charge that no inference is to be drawn for or against either party from the fact that the wife has not testified.

SAME.—*Instruction.*—In an action for the alienation of the affections of plaintiff's wife, it is not error to charge that if the defendant made presents to plaintiff's wife, and gave her other attentions with the consent of the husband, with no evil intent, and not intending to alienate her affections, and never had carnal knowledge of her, the plaintiff can not recover, even though as a consequence of such acts she conceived a fondness for him.

EVIDENCE.—*Action for Alienating Wife's Affections.*—In an action for alienating the affections of plaintiff's wife, where the plaintiff had testified in chief that he had witnessed certain acts and conduct between his wife and the defendant, a question asked the plaintiff on cross-examination as to whether from those acts and conduct he inferred adultery, was improper, as calling for the statement of a conclusion, and not a fact.

SAME.—*Admission of.—Harmless Error.*—Permitting the plaintiff, in an action for the alienation of his wife's affections, to ask a witness if she

Adams *v.* Main.

had ever heard the neighbors talk about his wife and the defendant go-
ing to a show, to which a negative reply was given, if error, is harm-
less.

SAME —Where the plaintiff, in an action for the alienation of the affec-
tions of his wife, had shown that while the children were sick their
mother left them, and accompanied the defendant to places of amuse-
ment, testimony of a general character as to how plaintiff's wife treated
her children was properly excluded.

PRACTICE.—*Refusal to Give Instructions.—No Question Presented.*—No ques-
tion is presented in this court on the refusal to give instructions re-
quested where it appears that they were not asked until after the com-
mencement of the argument.

SAME.—*Objection to Question.—Ruling Sustaining.—Presumption.*—A ruling
of the trial court sustaining an objection to a question asked a witness
will be presumed to be correct in the absence of a showing to the con-
trary.

SAME.—*Pleading.—Amendment.*—Permitting the filing of additional para-
graphs of pleadings and amendments after the jury has been sworn and
the trial begun, is very largely within the discretion of the court, and
unless the appellant shows affirmatively that he was prejudiced the rul-
ing will not lead to a reversal.

SAME.—*Failure of Jury to Find on all the Issues.— Venire de Novo.*—The jury's
failure to find upon all the issues is not a defect appearing upon the
face of the verdict for which a *venire de novo* will be awarded.

SAME.—*Finding Upon One Paragraph.—Effect of.*—The finding of the jury
upon one paragraph of the complaint, where there is evidence tending
to support another paragraph, will preclude an action on the cause
averred in the paragraph as to which no finding was made.

From the Henry Circuit Court.

*M. P. Turner* and *M. E. Forkner*, for appellant.

*J. M. Morris* and *C. S. Hernly*, for appellee.

REINHARD, J.—The appellee sued the appellant for de-
bauching his wife. Originally the complaint was in one par-
agraph, and in it there was a charge of adultery.

After the issues had been closed and the trial entered upon,
the appellee, by leave of court, filed a second paragraph of
complaint, from which the charge of carnal knowledge was
omitted, and which declared simply upon an alienation, by
the appellant, of the affections of the appellee's wife. No
demurrer was filed to either paragraph.

Issues were joined, the cause was tried by a jury, and there was a verdict in favor of the appellee on the second, or additional, paragraph of the complaint, there being no express finding on the first.

The appellant made unsuccessful motions for a *venire de novo* and for a new trial, and the ruling of the court upon these motions is reserved by proper exceptions, as also by the assignment of errors.

The appellant requested the court to instruct the jury that the action could not be maintained without proof of adultery. The instruction was refused. The record shows, and the appellant concedes, that the request was not made until after the commencement of the argument, and the question of whether or not there was error in refusing to give the instruction is therefore not properly presented. The point is made, however, upon the sufficiency of the evidence to sustain the verdict, and in the discussion of this question the appellant's counsel urge upon us with much earnestness the consideration that sexual connection must be established before there could be any recovery.

As the finding was expressly upon the second paragraph of the complaint, in which the charge is confined to that of alienating the affections of the wife from her husband, and as there was neither demurrer nor motion in arrest of judgment, and there is no assignment of error that the complaint fails to state facts sufficient to constitute a cause of action, we do not see how the appellant is in any position to present the question he asks us to decide. The point has been decided, however, against the appellant in *Higham* v. *Vanosdol*, 101 Ind. 160.

The appellant next insists that the gist of the second paragraph of the complaint is for the loss of services, and, as there was no proof of any actual pecuniary loss, the evidence did not sustain the averments in this paragraph. In this view we can not concur. It is perhaps true that the theory of such an action was originally the loss of services, for it

was presumed that by the seduction or alienation the wife's services were rendered less valuable. But, whatever may have been the principle, originally, upon which this class of actions was maintainable, it is certain that the weight of modern authority bases the action on the loss of the *consortium*—that is the society, companionship, conjugal affections, fellowship and assistance. The suit is not regarded in the nature of an action by a master for the loss of the services of his servant, and it is not necessary that there should be any pecuniary loss whatever. *Rinehart* v. *Bills*, 82 Mo. 534; *Bigaouette* v. *Paulet*, 134 Mass. 123; *Sikes* v. *Tippins*, 85 Ga. 231; *Heermance* v. *James*, 47 Barb. 120; *Jones* v. *Utica, etc., R. R. Co.*, 40 Hun, 349; Cooley Torts (2d ed.), 261; Bigelow Ld. Cs. Torts, 328, 333–340.

It is true that the loss of services may still constitute one of the elements of damages in the case, for the alienation of the wife's affections may involve the loss of such services, but not necessarily so. Mr. Bishop states the law upon this subject as follows:

" One who, by improper means, alienates a wife's affections from her husband, *though she neither leaves him nor yields her person to the seducer* " (the italics are ours), " injures the husband in that to which he is entitled, brings unhappiness to the domestic hearth, renders her mere services less efficient and valuable, and inflicts on him a damage in the nature of slander,—so that for the redress of his wrong an action is maintainable." 1 Bishop Mar. and Div. (new ed.), section 1361.

As an evidence that, whatever may have been the rule formerly, the trend of authority now is to treat the *consortium* as the basis of the action, it may be said that in many jurisdictions of this country, including our own, it is now held that the wife may maintain an action for the alienation of the affections of her husband, and that this may be done even in some jurisdictions where the common law still prevails. 1 Bishop Mar. and Div. (new ed.), section 1357 *et seq.; Haynes*

v. *Nowlin*, 129 Ind. 581; *Postlewaite* v. *Postlewaite*, 1 Ind. App. 473.

The reasoning in these cases is that, inasmuch as the husband has the right to sue for the loss of the *consortium* of the wife, there can be no intelligent reason why she should not possess the right to sue for the loss of the society, companionship, affection and protection of the husband, which the law has vouchsafed to her. Surely the analogy would not hold good if the right of action of the husband for the alienation of the affections of his wife were based solely upon the loss of her services, for under the common law, the wife, who was considered the inferior being, had no property rights in the services of the husband. 3 Bl. Com. 143.

But, even if we were to concede that the husband's right to maintain this action is based upon the loss of services of the wife, as the appellant contends, it does not necessarily follow, by any means, that there must have been actual separation of the parties, for, as we have seen from the quotation from Bishop, one of the very consequences of the loss of the affections is that it lessens the value and efficiency of her services, even if she continues to perform them. It seems plain, therefore, that, if it can be shown that the defendant did that which impaired the value of such services, he would still be liable, even though he did not deprive the husband of them entirely.

The position of the appellant on this point is, therefore, not maintainable, even from his own premises.

The facts proved amply sustain the averments of this paragraph.

Error is claimed, also, in the giving of two instructions. The first of these is as follows:

"5. This being an action by a husband for the seduction of his wife, the wife is excluded from testifying, and is not a competent witness, and no inference is to be drawn for or against either party to this suit from the fact that the plaintiff's wife has not testified."

Section 501 of the statutes provides that the husband shall be a competent witness in a suit for the seduction of his wife, but she shall not be competent.

The contention of counsel for appellant that the second paragraph of the complaint, upon which the verdict was predicated, does not make a case of seduction can not prevail. The term " seduction " does not necessarily imply carnal knowledge, although it is generally used in that connection. It was doubtless the intention of the framers of this section to apply that term to all cases of this class, whether there is a charge of adultery or not, and to render the wife incompetent as a witness in such cases. That these cases all fall under the head of seduction is very clearly stated in the following quotation from Bishop:

" The husband being entitled to the society and services of the wife, it follows *from the doctrine of seduction* * * * that he may recover his damages against any one who unlawfully entices her away, though *nothing transpires or is meant in the nature of criminal conversation.*" (The italics are our own.) 1 Bishop Mar. & Div. (new ed.), section 1360. See *Higham* v. *Vanosdol, supra.* We think the instruction was proper.

The other instruction complained of is this:

" 8. If the defendant made presents to plaintiff's wife and gave her other attentions by and with the consent of the plaintiff, with no evil intent and not intending to alienate her or her affections from him, and never had carnal knowledge of her, the plaintiff can not recover, even though as a consequence of such acts she conceived a fondness and affection for the defendant."

The objection to this charge is pointed out in the brief of appellant's counsel as follows:

" It makes the non-liability of the defendant depend upon the question whether the good-faith acts of the defendant were done with or without the consent of the plaintiff."

We confess our inability to see the force of this argument

Adams *v.* Main.

It is true, the instruction bases the non-liability of the appellant upon the hypothesis of consent. But it does not say, nor can it be inferred from the charge, that if he had not consented he would be liable. Whether, if there was no consent, there would not be a liability, the court does not inform the jury. It states the law correctly as far as it goes, and upon the hypothesis assumed. It is applicable to the facts in dispute.

If the appellant desired an instruction upon any other hypothesis he should have requested it of the court. Having failed to do this, he can not complain that the court did not give it of its own motion.

The appellant's attorney, upon cross-examination, asked the appellee the following question :

" Do you mean to say to this jury that your wife and that man committed adultery there that evening ? "

To this question the court sustained an objection made by the appellee, and the appellant claims that the ruling was erroneous.

The plaintiff had testified, in chief, that he had witnessed certain acts and conduct between his wife and the appellant. The question required him to say whether from those acts and that conduct he inferred adultery. The question was clearly improper. It required the witness to state a conclusion, and not a fact. Whether or not the acts were such as justified the inference that adultery was committed was for the jury, and not for the witness, to decide.

Over the appellant's objection the appellee was permitted to ask a witness the following question :

" Did you ever hear the neighbors talk about her and Adams going to the show ? "

The witness answered that she did not think she ever heard the neighbors say anything. Just how this question and the answer to it could have injured the appellant, we are unable to see. The answer was more favorable to him than to the

defendant. The error was, therefore, harmless, if it was error, as to which we do not decide.

Another witness was asked the following question:

" Do you know where he " (the plaintiff) " had left his team or what he had done with his team? "

An objection to this question was sustained. Counsel say the ruling was erroneous, but they do not point out in their brief why, or in what respect, it was so. In the absence of any showing to that effect in the brief, we must presume that the court ruled correctly.

The court excluded testimony of a general character as to how Mrs. Main treated her children. This was right. The appellee had shown that while the children were sick their mother left them and accompanied the appellant to shows and other places of amusement. The court permitted the appellant, in contravention of this proof, to show that during their illness the children were well treated by their mother. There was no evidence tending to prove that the general treatment of Mrs. Main to her children was not good.

It was not so much the conduct of Mrs. Main that the jury was concerned in as that of the appellant. Whatever was proved as to her conduct was proper only for the purpose of showing the effect of the appellant's treatment of the appellee in alienating his wife's affections. In so far as this had been proved, it was proper to rebut it by countervailing evidence. But such evidence must be limited within the scope of the inquiry to which the plaintiff's evidence was confined. It could not have been extended over the whole range of Mrs. Main's deportment to her children. Such latitude, if allowed, would lead to endless questionings and cross-questionings upon collateral and immaterial facts, and would tend to obscure the real issues in the cause.

Appellant complains that appellee was permitted, over the former's objection and exception, to file a second paragraph

of complaint after the jury had been sworn and the trial begun.

There was no request by the appellant for delay. He does not make it appear how he was injured. To permit the filing of additional paragraphs of pleadings and of amendments, after the issues are closed, is very largely within the discretion of the court, and, unless the appellant shows affirmatively that he was prejudiced, the ruling will not lead to a reversal. *Leib* v. *Butterick*, 68 Ind. 199 ; *Judd* v. *Small*, 107 Ind. 398 ; *Levy* v. *Chittenden*, 120 Ind. 37 ; *Sanford, etc., Co.* v. *Mullen*, 1 Ind. App. 204.

Section 394 of the statute seems to govern such proceedings, but the power of amendment is inherent in all courts of justice. 3 Bl. Com. 407 ; *Tiernan* v. *Woodruff*, 5 McLean, 135 ; *Bank* v. *Sherman*, 101 U. S. 403.

The appellant insists that his motion for a *venire de novo* should have been sustained because the jury found only upon one paragraph of the complaint, ignoring the other. It was formerly held that a failure to find upon all the issues was a good cause for a *venire de novo*, but the later cases decide that if the verdict does not cover all the issues this is not a defect appearing on the face. Works Pr., 971 ; *Board, etc.*, v. *Pearson*, 120 Ind. 426 ; *Alexandria, etc., Co.* v. *Painter*, 1 Ind. App. 587.

The appellant should have moved to require the jury to perfect their verdict if he desired the finding to cover both paragraphs. He was not harmed, however, by the form of the verdict. The finding of the jury upon one paragraph of the complaint, where there is evidence tending to support both, precludes the appellee from ever bringing another action against the appellant on the cause averred in the paragraph as to which no finding was made. *Shaw* v. *Barnhart*, 17 Ind. 183.

The cases cited by appellant on this point proceed upon the theory that a *venire de novo* will be granted where the jury fails to find upon all the issues, but this doctrine, as

we have seen, has been overturned by the more recent decisions.

This disposes of all the questions raised and discussed. There is no error.

Judgment affirmed.

Filed Jan. 5, 1892.