The Union Central Life Insurance Company v. Huyck.

Filed Dec. 14, 1892.

---

No. 646.

## THE UNION CENTRAL LIFE INSURANCE COMPANY v. HUYCK.

PROMISSORY NOTE.—*Fraudulent Representations.—Answer.—Consideration.*—Where a party was induced by the fraudulent representations of the agent of an insurance company to execute a note in the belief that it paid both the premium and the interest for one year on a loan placed for the maker by said company, when, in fact, it only paid the premium, and as soon as the maker ascertained this to be the fact he immediately notified the company by letter that he would not take said insurance nor accept said loan and demanded the return and cancellation of his note, a recovery upon said note could not be had against him.

SAME.—*Principal and Agent.—Instructions to Jury.—Repugnancy of to Pleadings.*—In an action upon such note, where the answer alleged that the person who conducted the negotiations with the defendant was the plaintiff's agent, and upon the trial the defendant claimed that such person was the plaintiff's agent in negotiating the insurance and taking the note, but that he was the defendant's agent in negotiating the loan, and an instruction pertinent to that theory was given by the court, error was committed, as the instruction was repugnant to the answer.

SAME.—*Recital of Consideration in Note.*—The maker of a note can defeat its collection on account of fraudulent representations respecting the consideration, although the note purported to recite the consideration.

The Union Central Life Insurance Company v. Huyck.

PRINCIPAL AND AGENT.—*Perfidy of Agent.*—*When Principal Bound.*—In contracts negotiated by one through an agent with another party, the perfidy of the agent in his conduct towards his principal will not enable the latter to repudiate the contract if within the scope of the agent's authority.

PRACTICE.—*Motion to Separate Defences.*—*When Not in Record.*—*Bill of Exceptions.*—*Assignment of Error.*—Where a motion to require the defendant to separate his defences into separate paragraphs was not made part of the record by order of court or bill of exceptions, no question is raised by the assignment of error.

SAME.—*Verdict.*—*Specification of Paragraph of Pleading on which it is Based.*— A jury has a right to specify, of their own motion, upon what particular paragraph their verdict is based, and, when they do so, questions arising upon other paragraphs are immaterial.

From the De Kalb Circuit Court.

*W. L. Penfield,* for appellant.

*C. A. O. McClellan* and *D. A. Garwood,* for appellee.

CRUMPACKER, C. J.—The Union Central Life Insurance Company sued John T. Huyck upon a note for $367, which purports to have been given for premium upon a policy of life insurance. The note is according to the following tenor:

"$367.            ANGOLA, IND., May 3d, 1890.

"Three months after date, for value received, I promise to pay to the order of the Union Central Life Insurance Company, at the office of U. L. Wambaugh, Angola, Ind., the sum of three hundred sixty-seven dollars (being the premium on policy No. 71,331 in said company, bearing date May 3d, 1890), and with attorney's fees. If this note or any instalment of interest be not paid at maturity, said policy with all conditions therein for surrender or continuation as a paid up term policy, shall without notice to any interested party, be null and void, and said premium and accrued interest thereon shall, without rebate or discount, and without reviving said policy, or any of its provisions, be collectible without relief from valuation or appraisement laws.            JOHN T. HUYCK."

An answer of three paragraphs was filed, to which a several demurrer was addressed and overruled. A reply of the general denial closed the issues and the cause was tried by a jury, resulting in a verdict in favor of the defendant upon the third paragraph of his answer. Judgment was rendered upon the verdict and the plaintiff appeals.

Counsel for appellant argue questions arising upon the demurrer to the first and second paragraphs of answer, and are met by the suggestion from the other side, that inasmuch as the verdict was based exclusively upon the third paragraph, the ruling upon the demurrer to the others was harmless, if wrong. Where a demurrer is overruled to a bad paragraph of an answer containing a good paragraph, it will be regarded as a reversible error, unless the record affirmatively shows that the judgment rests exclusively upon the good paragraph. *Carr* v. *Hays*, 110 Ind. 408; *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106; *Taylor* v. *Wootan*, 1 Ind. App. 188.

The verdict is for the appellee specifically upon the third paragraph of answer and against him upon the others. By necessary implication the jury found all of the essential facts contained in the third paragraph to have been established, and if that paragraph shall be held good appellant was not defeated by proof of a lesser amount of facts than was necessary to constitute a complete cause of defence. Under sections 545 and 546, R. S. 1881, the jury had the right of their own motion to specify upon what particular paragraph the verdict was based, and having so done questions arising upon other paragraphs are eliminated as immaterial.

It is alleged in the third paragraph of answer that appellee was in embarrassed circumstances financially and desired to procure a loan of $4,000; that appellant, by its agent, came to him at his farm " and in the presence of his family urged upon the defendant to have his life insured in plaintiff's company for the sum of four thousand dollars, and offered and proposed to loan defendant four thousand dollars

if he would take out a policy for that sum upon his life in plaintiff's company; that to induce defendant to take said loan and said policy plaintiff falsely and fraudulently represented to defendant by a false system of figuring that the entire cost of the premium on said policy and loan would only amount to four hundred and forty-two dollars per annum, and that afterwards the plaintiff in further pursuance of said fraudulent design for the purpose of inducing defendant to execute the note in suit falsely and fraudulently represented that by another plan in their said company they would make said loan and issue said insurance policy so that it would only cost defendant the sum of three hundred and sixty-seven dollars per annum, and defendant avers that he was and is ignorant in figures, being a farmer and entirely unfamiliar with the rules and conditions of insurance companies and their plans of doing business, and believed and relied upon said representations as being true, when in fact they were false and known to be so by plaintiff at the time. And defendant further avers that upon those conditions and under those circumstances he agreed to take out said policy and borrow said money, and thereupon the plaintiff prepared the note in suit and the application for the insurance policy and loan, and falsely and fraudulently represented to defendant that said note was for the amount of the premium on the policy and interest on said loan for one year, which representations were also false and known to be so at the time by plaintiff. And he avers that he was ignorant of the facts and was at that time blind in one of his eyes and the sight of the other was greatly impaired, and he could not read the note or other papers which were presented to him, but believed and relied upon all of said representations made to him and was thereby induced to sign and execute the note in suit and other papers at that time presented to him by plaintiff; that in a short time after the execution of said note the defendant first discovered that said representations were false and that he would be compelled to pay as

premium and interest on said proposed policy, and loan the sum of six hundred and forty dollars per annum, and that the sum expressed in the note was only the amount of the premium on the insurance policy, and therefore immediately notified the plaintiff by letter that he would not take said insurance nor accept said loan, as he could not possibly make that sum off of his farm, and rescinded said contract, and demanded the return and cancellation of said note." It is further alleged that as soon as the policy was sent to appellee he refused to accept it, but at once returned it to appellant.

The theory of this paragraph is that the insurance and loan were component parts of an entire transaction, and that appellant fraudulently represented that the premium on the policy and the interest on the loan would amount to but $367 a year in the aggregate, and appellee gave the note in suit with the understanding that it covered the first year's premium and interest, when in fact the note was for the premium alone.

There was a misrepresentation of the cost of the insurance and loan. This was manifestly a material misrepresentation, and one upon which appellee had the right to rely. The various systems of insurance are characterized by so many intricacies that they are extremely difficult for the man of ordinary business methods to understand. In negotiations involving such matters one who is ignorant of material facts pertaining to the transaction has the right to rely upon statements and representations made by the other party, who is in a position to know and assumes to know the truth, where they are made for the purpose of inducing confidence.

It was said by the court, in the case of *Mead* v. *Bunn*, 32 N. Y. 275, it is a " mistaken assumption that a false representation by one of the parties to a contract puts the other on inquiry as to its truth. Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party and

unknown to him, as the basis of a mutual engagement, and he is under no obligation to investigate and verify statements, to the truth of which the other party to the contract, with full means of knowledge, has deliberately pledged his faith." That case is approved in *Jones* v. *Hathaway*, 77 Ind. 14. Appellee was induced by the fraudulent representations to execute the note in the belief that it paid both premium and interest for one year, when in fact it only paid the premium. But the note recites the consideration, and counsel contend that where that is the case the consideration is contractual, and can not be attacked by parol. It is an elementary rule of law that fraud vitiates every contract, and may always be asserted as a defence against its enforcement.

The answer is not a plea of want or failure of consideration, but of fraud in inducing appellee to execute the contract. The case, in its legal aspect, is very much like the case of *Elsass* v. *Moore's Hill, etc., Institute,* 77 Ind. 72, wherein the court held the maker of the note could defeat its collection on account of fraudulent representations respecting the consideration, although the note purported to recite the consideration. It is further insisted that appellee was negligent in not having the note read to him before signing it. He was led to believe that the insurance and loan would both cost him but $367 a year, and the agent wrote the note for that amount, and stated to appellee that it was for one year's premium and interest, and the latter, being unable to read the note, signed it upon the representations of the agent respecting its contents. But the fraud consisted of the false representations respecting the cost of the insurance and loan, and the fact that the note was to be taken for the first year's premium and interest, rather than the misrepresentation of the contents of the note. As has been suggested, the insurance and loan constituted an entire transaction, and it was a matter of little concern to appellee what recitals the note contained relative to the consideration, provided it was ac-

cepted for one year's premium and interest, as he was assured it would be. The third paragraph of answer states a good cause of defence.

It is next claimed that this paragraph of answer contains two separate and distinct causes of defence, and the court erred in overruling appellant's motion to require it to be separated into independent paragraphs. Without entering into a discussion of the merits of this question, it may be disposed of by the suggestion that the motion to separate was not made part of the record by order of court or bill of exceptions, and therefore no question is raised by the assignment of error. *Jarvis* v. *Banta,* 83 Ind. 528; *Thomas* v. *Griffin,* 1 Ind. App. 457.

It is further insisted that the court committed an error in giving the jury the sixth instruction.

It seems to have been claimed by appellee upon the trial that the person who acted as appellant's agent in negotiating the insurance and taking the note was acting as appellee's agent in negotiating the loan, and, therefore, the relations between appellee and the agent were those of confidence and trust. The sixth instruction was pertinent to that theory, and had reference to the alleged fraud and deception respecting the contents of the note. The objectionable part of it is as follows: "One who occupies the position of an agent, or any like position, is required, in all negotiations and contracts, to state all matters within his knowledge, fully and truly to his principal, and to make no statements that are not true in every material particular. It follows from this that the principal may, without inquiring or investigation, rely on the statement of the agent, as to the contents of a written instrument which is presented for signature. Fraudulent representations under such circumstances are such a trick or artifice as would not only excuse the reading of the instrument, but condemn the whole transaction as corrupt and fraudulent."

This instruction is obviously repugnant to the answer,

wherein it is alleged that the person who conducted the negotiations with appellee was *appellant's* agent. Under the issues appellee can not treat such person as the agent of appellant for the purpose of charging the latter with responsibility for his fraud, and at the same time claim him as his own agent for the purpose of establishing relations of confidence so as to relieve himself from the imputation of negligence.

The rules of practice will not permit a party to charge in his pleading that a person acted as the agent of the adverse party in the subject-matter of the suit, and then prove, instead, that such person was his own agent. One may act as the agent of two contracting parties whose interests are adverse, where they both have knowledge of and consent to such dual agency, but the issues make no such a case here. Moreover, the instruction is fundamentally wrong as applied to the theory upon which it proceeds. Respecting contracts negotiated by one through an agent, with another party, the perfidy of the agent in his conduct towards his principal will not enable the latter to repudiate the contract if within the scope of the agent's authority. As between the principal and agent, the latter is bound to act in the utmost good faith, but this rule does not operate to relieve the principal of a contract made through the agent with one who is guilty of no wrong.

The instruction under consideration is based upon a misconception of the issues, and submitted the case to the jury upon a wrong theory.

Other questions arising upon instructions are argued by counsel, but the judgment must be reversed for the error in giving the sixth instruction, and, as the others may not occur at another trial, it is not deemed necessary to decide them.

The judgment is reversed, with instructions to grant a new trial.

Filed Nov. 29, 1892.