## BREHM *v.* HENNINGS.

[No. 9,939. Filed June 24, 1919.]

1. NEW TRIAL.—*Motion.—Time for Filing.*—Where a verdict was returned on April 22 and a motion for a *venire de novo*, which was filed May 2, was overruled on June 6, a motion for new trial filed June 27 was properly overruled, since it was not filed within the time fixed by statute (§587 Burns 1914, Acts 1913 p. 848). p. 627.

2. APPEAL.—*Briefs.— Sufficiency.— Questions Presented.—* Where the first four propositions in appellant's brief under the heading "Points and Authorities" are so worded and grouped that the court can readily understand that they all relate to the assignment of errors relative to the overruling of the motion for a *venire de novo*, held that such propositions are sufficient to require the court on appeal to pass upon that question. p. 627.

3. COURTS.—*Opinions.—Construction.*—Statements made by a court in an opinion should be considered in the light of the record then under consideration. p. 630.

4. TRIAL.—*Venire De Novo.—General Verdict.—Failure to Find On All Issues.*—In an action by a landlord against a former tenant, where two paragraphs of complaint sought to recover damages for failure to restore the property to the condition it was in when the lease was executed, and the remaining paragraphs were for damages for holding over after the expiration of the lease, and the jury returned a verdict, "We, the jury, find for the plaintiff upon the first paragraph of complaint and assess his damages at $1.00," plaintiff's motion for a *venire de novo* should have been sustained, since the verdict was general and the jury failed to find upon all the issues. p. 637.

From Madison Superior Court; *Willis S. Ellis,* Judge.

Action by Philip Brehm against Joseph E. Hennings. From the judgment rendered, the plaintiff appeals. *Reversed.*

*Frank B. Foster* and *Byron McMahon,* for appellant.

*Philip B. O'Neill* and *Frederick Van Nuys,* for appellee.

McMahan, J.—The appellant brought this action against the appellee to recover damages for an alleged breach of contract in failing to restore leased property at the expiration of the lease to the condition it was in at the time the lease was executed, and for a wrongful holding of the leased premises beyond the time for which they were leased.

The complaint was in four paragraphs. The first and second paragraphs sought to recover damages for the failure to restore the property to the condition it was in when the lease was executed, the third and fourth paragraphs were for damages for holding over after the expiration of the lease. An answer of general denial being filed, the cause was tried by a jury, and a general verdict was returned, which, omitting the caption and signature, is as follows: "We, the jury, find for the plaintiff upon the first paragraph of complaint and assess his damages at $1.00." This verdict was returned April 22, and on May 2 appellant filed a motion for a *venire de novo* on the ground that the verdict was incomplete, and that no verdict was returned as to the second, third and fourth paragraphs of complaint. This motion was overruled on June 6, and on June 27 appellant filed a motion for a new trial, which was also overruled.

The errors assigned are that the court erred: (1)

In overruling the motion for a *venire de novo;* and (2) in overruling the motion for a new trial.

1. There was no error in overruling the motion for a new trial, as it was not filed within the time fixed by statute.

Appellant contends that his motion for a *venire de novo* should have been sustained because the jury found only upon one paragraph of complaint and ignored the other three paragraphs.

Appellee insists that no question is presented on account of the failure of appellant to comply with the rules of this court in the preparation of his

2. brief. The first four propositions in appellant's brief under the heading "Points and Authorities" are so worded and grouped that we can readily understand that they all relate to the assignment of errors relative to the overruling of the motion for a *venire de novo,* and are sufficient to require us to pass upon that question.

Appellee also insists that a verdict for the plaintiff on one of several paragraphs of complaint, without noticing the other paragraphs, is equivalent to a finding against the plaintiff on such other paragraphs.

There is some confusion among the decisions in this state concerning the office of a *venire de novo,* the result of a careless use of language in making general statements concerning a *venire de novo* and a failure to make any distinction between general and special verdicts.

For many years the rule of the common law, as stated in 2 Tidds, Prac. 992, and affirmed and followed in *Bosseker* v. *Cramer* (1862), 18 Ind. 44, and affirmed in many later cases, was the recognized rule in this state relative to the office of a *venire de novo.* The

rule, as there stated, is this: "A *venire do novo* is granted when the verdict, whether general or special, is imperfect by reason of some uncertainty or ambiguity, or by finding less than the whole matter put in issue, or by not assessing damages."

This rule remained unchanged until 1879, when the Supreme Court, in *Graham* v. *State, ex rel.*, 66 Ind. 386, after having its attention called to our practice Code, held that the failure of the court to find upon all the issues in a special verdict was no cause for a *venire de novo*, if such verdict had substance enough to form the basis of a judgment for either party. The court, on page 395, said: "The special verdict or finding is confined to the facts proved.  *  *  *, the issues concerning which no facts are found should be regarded as not proved by the party on whom the burden of the issue or issues lies.  *  *  *  And if the facts proved and found do not determine some of the issues, those issues must be regarded as not proved by the party having the burden of proof resting upon him."

In *Glantz* v. *City of South Bend* (1886), 106 Ind. 305, 6 N. E. 632, where the court was again discussing the effect of a special verdict in which all the issues were not passed upon, the Graham case was approved, the court saying: "Approving and following, as we think we must, the more recent rule of practice in relation to special verdicts, we must hold in the case under consideration, that the trial court did not err in overruling appellant's motion for a *venire de novo*.  *  *  *  The burden was on her to establish this fact (want of care) by a fair preponderance of the evidence, and as the special verdict is entirely silent as to this fact, in the absence of the evidence, we would

be bound to conclude that she had failed to prove such fact. In determining whether or not it was error to overrule the motion for a *venire de novo,* we cannot look to the evidence, where it is in the record.''

In *Bartley* v. *Phillips* (1888), 114 Ind. 189, 16 N. E. 508, where the facts were found specially, the Supreme Court, in sustaining the action of the trial court in overruling the motion for a *venire de novo,* said: ''That the court failed to find and state in its special findings any fact that may have been proven, or failed to find and state therein the force and effect of a certain clause in the mortgage, are questions not properly raised by a motion for a *venire de novo.* If all the facts were not found, or if facts are stated in the special findings of facts which the proof did not warrant, the remedy, and the only remedy, was by a motion for a new trial.''

In *Board, etc.* v. *Pearson* (1889), 120 Ind. 426, 22 N. E. 134, 16 Am. St. 325, the court said: ''There is no imperfection in the verdict, for sufficient facts are stated to enable the court to pronounce judgment, and, under the rule which prevails in this State, the failure to find upon all the issues does not entitle a party to a *venire de novo. Wilson* v. *Hamilton,* 75 Ind. 71; *Jones* v. *Baird,* 76 Ind. 164; *Glantz* v. *City of South Bend,* 106 Ind. 305; 1 Works Pr., section 971, and cases cited, n. This has been the rule since the decision in *Graham* v. *State, ex rel.,* 66 Ind. 386, although the earlier cases declared a different rule. *Quill* v. *Gallivan,* 108 Ind. 235, and cases cited; *Bartley* v. *Phillips,* 114 Ind. 189; *Indiana, etc., R. W. Co.* v. *Finnell,* 116 Ind. 414. In the case of *Glantz* v. *City of South Bend, supra,* the court referred to *Bosseker* v. *Cramer,* 18 Ind. 44, and some other cases, and, after

showing that the doctrine of those cases had been denied in *Graham* v. *State, ex rel., supra,* and that the later cases approved the doctrine of that case, declared in effect that the rule as stated in *Graham* v. *State, ex rel., supra,* must be considered as established. The effect of the decisions has been to overrule *Bosseker* v. *Cramer, supra,* although the express statement that it was overruled has probably not been made. We feel bound to adhere to what has so long been the rule, and to hold, as has been so often held in recent cases, that where the verdict is perfect on its face, and so fully finds the facts as to enable the court to pronounce judgment upon it, a motion for a *venire de novo* will be denied, although the verdict may not find upon all of the issues.''

This statement of the court is broad and sweeping in its effect, but we think it should be considered in the light of the record then under consideration. 

3. The opinion in this case does not disclose whether the verdict was general or special, but on an examination of the record we find there was a special verdict, so that what the court said in relation to *Bosseker* v. *Cramer, supra,* being overruled, should be understood as referring only to special verdicts.

In *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 45 N. E. 64, the appellee's complaint was in two paragraphs to recover a statutory penalty for failure and refusal on the part of appellant to supply appellee with telephone facilities without discrimination or partiality. The case was tried by a jury, which returned the following verdict: " 'We, the jury, find for the plaintiff and assess his damages at $100.00.' " The statute provided a penalty of $100 for each violation. Both paragraphs were the same, except the

offense was alleged as on different days.    Appellant
contended that, the jury having assessed the appel-
lee's damages at $100, it was evident that the jury had
only found for appellee on one paragraph of com-
plaint, and that the verdict was defective because it
did not cover all the issues.    The court held that, if
there was any error in not assessing the damages at
$200, it was in appellant's favor, and that it was in
no position to complain.    In referring to the motion
for a *venire de novo,* the court, on page 193, said:
"The rule in this State is that a motion for *venire
de novo* will not be sustained unless the verdict,
whether general or special, is so defective and uncer-
tain upon its face that no judgment can be rendered
upon it.    *Bartley* v. *Phillips,* 114 Ind. 189, and cases
cited on p. 192; *Board, etc.* v. *Pearson,* 120 Ind. 426,
16 Am. St. Rep. 325.

"A verdict, however informal, is good if the court
can understand it.    *Daniels* v. *McGinnis, Admr.,* 97
Ind. 549.    The verdict in this case is not informal or
defective, even if appellant's contention, that it only
finds for appellee upon one paragraph is correct, for
the reason that a finding in favor of appellee upon
one paragraph of his complaint, without noticing the
other, would be equivalent to a finding against him on
such other paragraph.    *Shaw* v. *Barnhart,* 17 Ind.
183."

The Shaw case, however, cannot be held to be au-
thority on the point to which it is cited, as the court
expressly stated that it did not decide the question.
In *Bartley* v. *Phillips, supra,* there was a special find-
ing of facts, and in *Board, etc.* v. *Pearson, supra,*
there was a special verdict, and neither of them sup-
ports the statement relative to a general verdict.

In *Pennsylvania Co.* v. *Reesor* (1916), 60 Ind. App. 636, 108 N. E. 983, the cause was tried on two paragraphs of complaint, the third and fourth, the third charging wilful killing, while the fourth charged negligence. The jury returned a general verdict for appellee on the fourth paragraph of complaint, and answered a number of interrogatories. The verdict was silent as to the third paragraph. The appellant filed a motion for judgment on the interrogatories. The jury, in answer to the interrogatories, found that there was a wilful killing. Appellant insisted that the general verdict, being based on the fourth paragraph, in which it was alleged that the killing was brought about by negligence, was equivalent to a finding against appellee on the third paragraph of complaint, which charged wilfulness, and that the answers to the interrogatories were antagonistic and incapable of being reconciled with the general verdict. The court, in passing upon this question, said: "The trial court submitted forms of verdict to the jury, which returned a general verdict, finding for appellee on his fourth paragraph of complaint. No objection is presented as to the form of the verdict. It is correctly argued by appellant that this finding of the jury was in effect a finding against appellee on the third paragraph of complaint. This is fully sustained by the following authorities. *Central Union Tel. Co.* v. *Fehring* (1896), 146 Ind. 189, 193, 45 N. E. 54; *Union Central Life Ins. Co.* v. *Huyck* (1892), 5 Ind. App. 474, 32 N. E. 580."

In *Adams* v. *Main* (1891), 3 Ind. App. 232, 29 N. E. 792, 50 Am. St. 266, the jury returned a verdict in favor of plaintiff, appellee, on the second paragraph of complaint, nothing being said about the first para-

graph. The court, in discussing the. question, said: "The appellant insists that his motion for a *venire de novo* should have been sustained because the jury found only upon one paragraph of the complaint, ignoring the other. It was formerly held that a failure to find upon all the issues was a good cause for a *venire de novo,* but the later cases decide that if the verdict does not cover all the issues this is not a defect appearing on the face. Works Pr., 971; *Board, etc.* v. *Pearson,* 120 Ind. 426; *Alexandria, etc., Co.* v. *Painter,* 1 Ind. App. 587. The appellant should have moved to require the jury to perfect their verdict if he desired the finding to cover both paragraphs. He was not harmed, however, by the form of the verdict. The finding of the jury upon one paragraph of the complaint, where there is evidence tending to support both, precluded the appellee from ever bringing another action against the appellant on the cause averred in the paragraph as to which no finding was made. *Shaw* v. *Barnhart,* 17 Ind. 183. The cases cited by appellant on this point proceed upon the theory that a *venire de novo* will be granted where the jury fails to find upon all the issues, but this doctrine, as we have seen, has been overturned by the more recent decisions."

In *Alexandria Mining, etc., Co.* v. *Painter* (1891), 1 Ind. App. 587, 28 N. E. 113, the jury returned a general verdict against one of several defendants, no verdict being returned as to the other defendants. The court there said: "The omission to find in favor of or against the other defendants is not a ground for a *venire de novo.* Such a motion will not be sustained simply because there was an omission to find upon some of the issues. *Board* v. *Pearson* (supra)."

Many other cases might be cited wherein the courts failed to make any distinction between general and special verdicts, incorrectly stating that the rule in the Graham case applied to general verdicts as well as to special verdicts.

The Supreme Court, in *Maxwell* v. *Wright* (1903), 160 Ind. 515, 67 N. E. 267, in reviewing the cases and applying the law relative to a *venire de novo* to a general verdict, said: "The reasons that called for a modification of the old rule as to special verdicts and findings do not apply to general verdicts. In the former it is not the province of the jury to determine which party shall prevail in the action. That is left to the court; while in the general verdict the jury is required, under the instructions of the court as to the law of the case, to find generally from the facts proved and unproved, whether the plaintiff or defendant has succeeded on the issues made by the pleadings. *Hence, when the jury fails to find for the plaintiff or defendant on an issue between the parties, it is apparent from the verdict that the jury has stopped short of a full determination of the case, and the verdict is therefore ill and defective, and subject to a venire de novo,*" citing with approval *Bosseker* v. *Cramer, supra.* (Our italics.)

In order to appreciate the full force and effect of the Maxwell case it is necessary to have the history of that case in mind. The case was appealed to this court, where the action of the trial court was affirmed, and, in the course of its opinion, this court said: "The principal contention of counsel for appellant is that the court erred in overruling appellant's motion for a *venire de novo* as to the appellee Henry Wright. Counsel say in their brief, 'The motion for a venire

de novo was based upon the failure of the jury to find on all the issues made.' In support of this the cases of *Bosseker* v. *Cramer,* 18 Ind. 44, and *Whitworth* v. *Ballard,* 56 Ind. 279, and cases cited, are relied upon to sustain the proposition. The cases cited and other cases following them sustain the appellant's position, but it appears that the supreme court in later cases overruled the doctrine announced in *Bosseker* v. *Cramer, supra,* by implication, and in still later cases expressly overruled the last-named case. In *Board* v. *Pearson,* 120 Ind. 426, 22 N. E. 134, 16 Am. St. Rep. 325, the supreme court, by Elliott, C. J., reviewed the cases in this state upon this point, and expressly overruled the case of *Bosseker* v. *Cramer, supra,* and squarely held that the motion for a *venire de novo* must be denied, although the verdict does not find upon all the issues. See, also *Zimmerman* v. *Gaumer,* 152 Ind. 552, 53 N. E. 829; *Exploring Co.* v. *Painter,* 1 Ind. App. 587, 28 N. E. 113; *Adams* v. *Main,* 3 Ind. App. 232, 29 N. E. 792, 50 Am. St. Rep. 266. We think the rule announced in the later cases the better one, and it is certainly the only rule that could in good reason be adopted so long as the law remains that a *venire de novo* reaches matter of form only, and is effective only when the finding and verdict are so defective that no judgment can be rendered. In the case at bar the verdict is not defective in matter of form." *Maxwell* v. *Wright* (1902), 64 N. E. 893.

The cause was transferred to the Supreme Court on the ground that the opinion of the Appellate Court as quoted contravened a ruling precedent of the Supreme Court, and the cause was reversed, the court, after quoting 1 Graham and Waterman, New Trials 40, as follows: " 'If the jury find only a part of the

issues, judgment cannot be entered on the verdict. It is void for the whole, and a *venire de novo* will be awarded' '' said: ''While there is no real conflict among our many cases upon this subject, there is apparently some confusion, manifestly the result of a careless use of language employed in making general statements concerning the office of a *venire de novo.* In all the cases we have examined, decided since the cases of *Graham* v. *State, ex rel.,* 66 Ind. 386, which rests upon a special verdict, or special finding, this case has been uniformly followed in all decisions involving a special verdict or special finding—and in effect holding, that if the special verdict or finding leaves some issue or material fact undetermined, such issue or fact will be regarded as not proved by the party having the burden of proof—and, if such verdict or finding contains substance enough to support a judgment one way or the other, it will not be objectionable because it does not pass upon all the issues, and the remedy for mistakes and errors not appearing upon the face of the verdict or finding is by motion for a new trial, and not by a *venire de novo.*    *    *    *    (Citing several cases.)

''And in all cases since the Graham case, brought to our attention, involving a general verdict or finding which showed upon its face that less than the whole issue was covered, or was so ambiguous and uncertain as to afford no foundation for a judgment, a *venire de novo* has been held to be the proper remedy. *    *    *    (Citing several cases.)

''So it must be held that the rule springing from *Graham* v. *State, ex rel., supra,* which must now be considered as firmly established in this State, modifies the common-law rule with respect to the writ of

MAY TERM, 1919.                    637

*venire de novo,* only in its application to special ver-
dicts and special findings as ruled by our civil code.''

Thus it would appear that, while *Bosseker* v.
*Cramer, supra,* has been overruled in so far as spe-
cial verdicts are concerned, the common-law
4. rule with respect to the office of the writ of
*venire de novo* as therein stated is still in force
in this state in so far as general verdicts are con-
cerned. The jury having failed to find upon all the
issues, the motion for a *venire de novo* should have
been sustained.

Judgment reversed, with direction for further pro-
ceedings not inconsistent herewith.