## JONES v. JULIAN.

Suit upon a promissory note. The plaintiff assigned the note *pendente lite,* and moved to have the assignee substituted as plaintiff. The Court refused. *Held,* that this was matter of discretion.

Upon the trial of this cause, it appeared that a written contract which was set up in defense had been altered; but both the parties conceded the alteration, and the questions of value and damages were examined and decided upon it as originally executed. *Held,* that evidence touching conversations as to who had made the alteration was irrelevant.

A verdict is good if the Court can understand it, though it be informal; and

if it be so uncertain that the Court cannot understand it, the jury must be sent back with proper instructions as to the mode of framing it.

May Term,
1859.

JONES
v.
JULIAN.

Saturday,
May 28.

APPEAL from the *Wayne*, Court of Common Pleas.

PERKINS, J.—Suit by *Jones* against *Julian*, on a promissory note. Answer by way of counter-claim, setting up that the note was given for work done upon a special contract; that the work was not done according to the contract; that damages resulted, for which, it was claimed, the plaintiff was answerable to the defendant.

Replication in denial. Trial. Judgment for the defendant for eleven cents and costs.

During the progress of the cause, the plaintiff alleged that he had assigned the note, *pendente lite*, to one *Lewis Jones*, and moved the Court that he be substituted as plaintiff. The Court refused the motion.

This was matter in the discretion of the Court. *Dearmond* v. *Dearmond*, 10 Ind. R. 191.—*Hubler* v. *Pullen*, 9 *id.* 273.—*Harvey* v. *Myer*, *id.* 391.

On the trial it appeared that the written contract under which the work, for which the note was given, was performed, had been altered after its execution, but it did not appear by whom. The alteration was conceded by both parties, and the questions of value and damages were examined and decided upon the instrument, as originally executed between the parties.

Evidence was given and rejected touching conversations as to who made the unauthorized alteration; and points are made upon the rulings of the Court as to such evidence; but we are unable to perceive the importance of such evidence, whether given or rejected, in the decision of this cause. It seems that it must have been entirely irrelevant, and without any bearing upon the issue tried. Upon some issues which might be raised in cases, such evidence would, perhaps, be relevant.

The verdict of the jury is objected to. The jury found for the defendant, and assessed his damages at eleven cents. The verdict was informal; but it could be understood. Its legal effect was, that the jury found that the damages to

May Term,
1859.

the defendant, by the breach of the contract, were eleven cents greater than the amount of the note sued on, which was for a part only of the contract price of the whole work.

If the verdict had been so uncertain in its phraseology that the Court could not understand it, the jury should have been sent back with proper instructions as to the mode of framing it.

*Per Curiam.*—The judgment is affirmed with costs.

*M. Wilson* and *N. H. Johnson*, for the appellant.

*G. W. Julian*, for the appellee.