No. 7251.

WILSON v. HAMILTON ET AL.

SPECIAL VERDICT.— Venire de Novo.—Practice.—A special verdict is not so imperfect as to require the issue of a venire de novo, simply because it fails to find either for or against all of the facts put in issue by the pleadings.

SAME.—Evidence.—Presumption.—Finding.—The Supreme Court will assume, in the absence of the evidence, that the special verdict contained all the facts proved, and that the trial court properly overruled a motion for a venire de novo for the reason that the special verdict contained the finding of the jury upon all the facts which had been proved.

SAME.—Judgment.—Where a special verdict is sufficient and free from objection, the rulings and judgment of the court thereon, which follow the verdict, will be sufficient and free from objection.

From the Shelby Circuit Court.

A. Blair, E. P. Ferris, W. W. Spencer and J. S. Ferris, for appellant.

T. B. Adams and L. T. Michener, for appellees.

Howk, J.—This was a suit by the appellant, Greenville Wilson, to perpetually enjoin the appellee Albert McCorkle, then the sheriff of Shelby county, from selling appellant's property, on a certain execution issued to the sheriff on a certain judgment, rendered in and by the court of common pleas of said county, on the 19th day of March, 1867, in favor of the appellee Hamilton, and against the appellant, for the sum of $6,686.65, and costs of suit, and to compel the said Hamilton to credit said judgment with the sums paid thereon, and to receive the amount actually due on the judgment from the appellant.    The substance of the appellant's complaint was, that he had paid, at divers times and places, divers large sums of money on said judgment to the appellee Hamilton, and his attorney, which had not been credited on the said judgment; that on the 20th day of December, 1876, and before the commencement of this suit, the appellant tendered to said Hamilton, and brought into court for his use, the sum of three thousand dollars, as the balance then due on the judgment, but that said sum was then and there refused by said Hamilton; that the appellant demanded of said Hamilton a receipt in full of the satisfaction of said judgment, and that he refused to receipt said judgment, and had received said three thousand dollars, and had wholly failed, refused and neglected to receipt the docket for any of the payments made by the appellant to him on said judgment, except one of $500 made January 9th, 1873; and that, on the —— day of ——, 1873, the said Hamilton procured the issue of an execution, and caused the same to be placed in the hands of his co-appellee McCorkle, then the sheriff of said county, commanding him to levy on said judgment, of the appellant's property, the sum of $10,-000, which was $7,000 in excess of what the appellant owed said Hamilton.    Subsequently, the appellant filed a second paragraph of complaint, alleging substantially the same facts as in the first paragraph, and praying for the same relief.

The appellees jointly answered by a general denial of the complaint.

The issues joined were tried by a jury, and a verdict was returned into court, in the words and figures following, to wit:

"We, the jury, find for the plaintiff, and that he is entitled to the following credits upon judgment in suit, at the following dates, to wit:

"$1,000.00, paid May 18th, 1867;

"$ 500.00, paid January 2d, 1868;

"$ 400.00, paid March 6th, 1868;

"$ 259.00, paid June 22d, 1868;

"$ 78.50, paid on account, December 20th, 1876;

"$ 300.00, paid to defendant, January 26th, 1869;

"$ 300.00, paid to defendant, January 26th, 1870.

(Signed) "MARTIN SNIPP, Foreman."

Thereupon the appellant moved the court for a *venire de novo*, which motion was overruled, and to this ruling he excepted. He then moved the court for a satisfaction of the judgment in controversy, on the verdict of the jury, except the sum of $3,000 and interest from the 18th day of January, 1877, the date of the commencement of this action; which motion was also overruled, and his exception was duly saved to this decision. On motion of the appellee Hamilton, the court then ordered and adjudged that an execution or order of sale be issued and delivered to the sheriff of said county, on the judgment described in the complaint, and that the clerk endorse on said writ "the dates and amounts of the credits named in the special verdict in this cause;" that the clerk also enter on the proper judgment docket of the court, and in the proper case, "the dates and amounts of the credits named in said special verdict;" and that the appellant recover of the appellees his costs in this suit.

The following decisions of the circuit court are assigned here, as errors:

1. In overruling the appellant's motion for a *venire de novo;* and,

2. In overruling the appellant's motion for a satisfaction of the judgment in controversy, on the verdict of the jury,. except the sum of three thousand dollars, and interest from the 18th day of January, 1877, the date of the commence-- ment of this action.

We will consider and decide the questions presented and discussed by counsel, and arising under these alleged errors,. in the order of their assignment.

1. The appellant's motion for a *venire de novo* was in writ-- ing, and two causes were assigned therein for the issuance of the writ, as follows :

1st. Because the special verdict did not find whether or not. the judgment in controversy was all paid but $3,000, at the. time of the commencement of this suit, and herein the ver- dict was imperfect, in finding less than the whole matter in issue ; and,

2d. Because the special verdict only covered a portion of the issue.

It will be seen from the verdict of the jury, an exact and literal copy of which we have already given, that it is some-- what indefinite and uncertain in its language ; but it is clear,. we think, that it can only be regarded as a special verdict.. It was called a special verdict by the appellant's counsel in their written motion for a *venire de novo,* and it was so regarded and acted upon by the court below in its rulings in relation thereto and in its judgment thereon. It should be construed, therefore, as if it read as follows : "We, the jury,. find that the plaintiff is entitled to the following credits upon the judgment in suit, at the following dates," etc. It is claimed by the appellant's counsel, as we understand them, that the special verdict in this case was and is imper- fect, because it failed to find either for or against certain facts, which were alleged in the complaint and denied by the

answer, and thus put in issue. If it were true that, in a special verdict, the jury must find upon all the facts put in issue by the pleadings, even though some of such facts may not be supported by any evidence whatever, then it would seem to us that the position of counsel was correct, and that the appellant's motion for a *venire de novo* ought to have been sustained.

But in section 335 of the code it is provided, as a defini- tion, as follows : "A special verdict is that by which the jury find the facts only, leaving the judgment thereon to the court." 2 R. S. 1876, p. 171. In the recent case of *Graham* v. *The State*, 66 Ind. 386, this provision of the code and the provision of section 341 of the code, in relation to a special finding by the court, were carefully considered by this court, with especial reference to the precise point we are now con- sidering in the case at bar. In the case cited it was said by WORDEN, C. J., speaking for the court :

"Neither a special verdict nor a special finding can do more in relation to facts than to find or state them. But what facts are to be thus found or stated? Clearly those that are proved upon the trial, and none other. When the special verdict has found the facts proved on the trial, it has performed its entire office ; and when the special find- ing has stated the facts proved on the trial, it has performed its entire office, so far as the facts are concerned. Of course the facts may be proved by circumstances or otherwise, as in any other mode of trial.

"But suppose there are issues in the cause concerning which no evidence is given. There is nothing in such case in relation to those issues for the court or jury, in finding specially, to pass upon. No fact in relation to them has been proved, and, hence, no fact in relation to them is to be found or stated, because, as we have seen, the special ver- dict or finding is confined to the facts proved. In the case supposed, it would seem that, in rendering judgment, the

issues concerning which no facts are found should be re-garded as not proved by the party on whom the burden of the issue or issues lies.''

Under the statutory provisions above quoted and referred to, and under the construction given thereto by this court, in the case last cited, we are of the opinion that the special verdict in the case now before us was not so imperfect, as the case comes before us, as to require the issue of a *venire de novo*, simply because it failed to find either for or against all of the facts put in issue by the pleadings. The evidence is not in the record in the case now before us, and we are bound to assume, in the absence of the evidence, that the special verdict contained all the facts proved, and, as we have seen, the statute does not require that the jury should find any of the alleged facts in issue which were not proved, or that they should negative any such facts in their spe-cial verdict. So, also, we must assume, in the absence of the evidence, that the court very properly overruled the appellant's motion for a *venire de novo*, for the reason that the special verdict contained the finding of the jury upon all the facts which had been proved, and this was all that the statute required it to contain. We think, therefore, that the first supposed error is not well assigned.

2. Our conclusion in this regard practically disposes of the second alleged error, for it is very clear that the court committed no error in overruling the appellant's motion for a judgment, which was not warranted or authorized by, and did not follow, the special verdict of the jury in this case. As we have held the special verdict to be sufficient and free from objection, it follows of necessity, we think, that the rulings and judgment of the court thereon, which follow the verdict, must be sufficient and free from objection.

The judgment is affirmed, at the appellant's costs.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.