The Board of Commissioners of Wabash County *v.* Pearson.

Filed Dec. 13, 1889.

---

No. 13,871.

THE BOARD OF COMMISSIONERS OF WABASH COUNTY *v.* PEARSON.

NEGLIGENCE.—*County.*—*Public Bridge.*—A county is not liable for an injury caused to a traveller by a bridge giving way, unless it appears that the county authorities failed to exercise ordinary care in constructing or maintaining the bridge.

SAME.—*Defective Construction of Bridge.*—*Safely Using.*—*Pleading.*—The fact that a bridge was safely used for thirteen years does not overcome a direct averment that it was negligently constructed of unsafe and unsuitable materials.

SAME.—*Statute of Limitations.*—As the right of action does not accrue until the injury is received, the statute of limitations does not begin to run until then, although the defendant's negligence runs back many years prior thereto.

SAME.—*Proximate Result of Negligence.*—*Pleading.*—Where the facts pleaded show that the plaintiff's injury was the proximate result of the defendant's negligence, this is sufficient without a direct averment to that effect.

SAME.—*Negligent Construction of Bridge.*—*Notice.*—*Pleading.*—Where the complaint alleges that the defendant county negligently constructed the bridge, which caused the plaintiff's injury, of unsafe and unsuitable material, it is not necessary to aver that the defendant had notice of its unsafe condition.

SAME.—*Repairs.*—*Employment of Incompetent Persons.*—Where a county knowingly employs incompetent persons to repair a bridge, and has knowledge that their work is so negligently and unskilfully done as to leave the bridge in an unsafe condition, it is liable for resulting injuries.

The Board of Commissioners of Wabash County *v.* Pearson.

EVIDENCE.—*Personal Injury.*—*Statements as to Nature and Location of Pain.*— *Surgeon.*—The surgeon who attended an injured person may, in an action for damages, give in evidence the statements made by the plaintiff as to the nature and location of the pain from which he was suffering.

VENIRE DE NOVO.—*When will be Denied.*—Where the verdict is perfect on its face, and so fully finds the facts as to enable the court to pronounce judgment upon it, a motion for a *venire de novo* will be denied, although the verdict may not find upon all the issues. *Bosseker* v. *Cramer*, 18 Ind. 44, has been overruled.

From the Huntington Circuit Court.

*W. G. Sayre, H. C. Shively, J. B. Kenner* and *J. I. Dille,* for appellant.

*J. T. Hutchens,* for appellee.

ELLIOTT, C. J.—The appellee's complaint is in three paragraphs and charges the appellant with having negligently failed to keep a public bridge safe for travel.

Our decisions settle the question of the liability of counties for a negligent breach of duty respecting public bridges, but they do not hold by any means that a county is to be regarded as an insurer of the safety of those structures. If ordinary care is exercised in constructing and maintaining the bridges, there can be no liability. *State, ex rel.,* v. *Demaree,* 80 Ind. 519, and cases cited; *Patton* v. *Board, etc.,* 96 Ind. 131; *Board, etc.,* v. *Legg,* 110 Ind. 479. The fact that a bridge gives way and a traveller is injured, is not of itself sufficient to charge the county, for it must appear that the county authorities were guilty of actionable negligence. *Board, etc.,* v. *Dombke,* 94 Ind. 72. The question, therefore, which is presented by the ruling on the demurrer to the several paragraphs of the complaint, is, does each of them sufficiently show that there was a negligent breach of duty?

The objection urged against the first paragraph of the complaint is, that the fact that the bridge was safely used for thirteen years overcomes the statement that it was negli-

gently constructed of unsafe and unsuitable materials, but in our judgment this objection can not prevail. The direct statements of the pleading overcome the inference which the appellant draws from the mere isolated evidentiary fact which is found among others in the complaint.

The appellee's cause of action did not accrue until he was injured, and, although the defendant's negligence runs back to 1871, the action is not barred by the statute of limitations. The two elements of the appellee's cause of action are the legal injury and the resulting damages. *City of North Vernon* v. *Voegler*, 103 Ind. 314. The statute did not begin to run until the right of action accrued, and this did not accrue until the two elements came into existence. There is, therefore, no force in the argument that the acts of negligence were committed in 1871, and that the statute then commenced to run, notwithstanding the fact that the appellee was not injured until 1884.

The facts pleaded show that the appellee's injury was the proximate result of the appellant's wrong, and this is sufficient without a direct averment. *Louisville, etc., R. W. Co.* v. *Thompson*, 107 Ind. 442; *Louisville, etc., R. W. Co.* v. *Wood*, 113 Ind. 544.

In the second paragraph of the complaint it is averred that the appellant negligently constructed the bridge of unsafe and unsuitable material, and it thus appears that the appellant itself was the wrongdoer, so that the case does not fall within the rule that a public corporation can not be liable for suffering a bridge or highway to become unsafe, unless it has notice of the defect. If the original wrong is that of the corporation itself, and is of such a nature that it endangers the safety of travellers, it is not necessary to allege that it had notice of the unsafe condition of the bridge or highway. If the negligence is in the construction of the highway or bridge, then it is not necessary to aver notice. *Board, etc.,* v. *Bacon*, 96 Ind. 31. It must, of course, be ap-

propriately shown that ordinary care was not exercised, and where negligence is averred this is shown.

The allegation in the second paragraph that the bridge had not been inspected by a qualified inspector may be conceded to be without force and still the paragraph upheld, for if this allegation be entirely rejected there will remain facts sufficient to constitute a cause of action. It is unnecessary, therefore, to consider the effect of this allegation, although we are inclined to the opinion that it adds nothing to the complaint.

The attack on the third paragraph of the complaint can not be maintained. If a public corporation knows that a bridge or highway is unsafe because of the need of repairs, and it undertakes to repair, it must exercise ordinary care and skill. If, as is here charged, the corporation knew when it employed persons to make the repairs that they were incompetent, it did not exercise ordinary care. A corporation charged with the duty of keeping a bridge in repair must select the proper means and persons to do the work, if by the exercise of ordinary care such a selection can be made. If, however, ordinary care is used in selecting suitable persons, and in requiring the persons selected to exercise their skill with reasonable prudence and diligence, the bridge still remains unsafe, there will be no liability. *City of North Vernon v. Voegler*, 103 Ind. 314. But here the averments are that the corporation knew that the persons selected were incompetent, and knew that their work was so unskilfully and negligently done as to leave the bridge in an unsafe condition, and there is, therefore, a liability for the injury which resulted from this negligent breach of duty.

There was no error in permitting the surgeon who attended the appellee to give in evidence the statements of the appellee as to the nature and location of the pain from which he was suffering. This question has long been settled in this court. *Board, etc., v. Leggett*, 115 Ind. 544, and authorities cited; *Louisville, etc., R. W. Co. v. Wood*, 113 Ind. 544;

The Board of Commissioners of Wabash County v. Pearson.

*Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409 ; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264.

The motion for a *venire de novo* was properly overruled. There is no imperfection in the verdict, for sufficient facts are stated to enable the court to pronounce judgment, and, under the rule which prevails in this State, the failure to find upon all the issues does not entitle a party to a *venire de novo. Wilson* v. *Hamilton,* 75 Ind. 71 ; *Jones* v. *Baird,* 76 Ind. 164; *Glantz* v. *City of South Bend,* 106 Ind. 305 ; 1 Works Pr., section 971, and cases cited, n. This has been the rule since the decision in *Graham* v. *State, ex rel.,* 66 Ind. 386, although the earlier cases declared a different rule. *Quill* v. *Gallivan,* 108 Ind. 235, and cases cited ; *Bartley* v. *Phillips,* 114 Ind. 189 ; *Indiana, etc., R. W. Co.,* v. *Finnell,* 116 Ind. 414. In the case of *Glantz* v. *City of South Bend, supra,* the court referred to *Bosseker* v. *Cramer,* 18 Ind. 44, and some other cases, and, after showing that the doctrine of those cases had been denied in *Graham* v. *State, ex rel., supra,* and that the later cases approved the doctrine of that case, declared in effect that the rule as stated in *Graham* v. *State, ex rel., supra,* must be considered as established. The effect of the decisions has been to overrule *Bosseker* v. *Cramer, supra,* although the express statement that it was overruled has probably not been made. We feel bound to adhere to what has so long been the rule, and to hold, as has been so often held in recent cases, that where the verdict is perfect on its face, and so fully finds the facts as to enable the court to pronounce judgment upon it, a motion for a *venire de novo* will be denied, although the verdict may not find upon all of the issues.

Judgment affirmed.

Filed Oct. 9, 1889; petition for a rehearing overruled Dec. 10, 1889.