Filed March 31, 1892.

---

No. 620.

## Van Gundy et al. *v.* Carrigan.

Replevin.—*Title and Right of Possession.*—*General Finding.*—*Motion for Venire de Novo.*—In an action of replevin where both the title and the right of possession are in issue, a general finding or verdict for the plaintiff is a sufficient finding of the facts. The fact that the finding does not embrace all the issues joined by the parties furnishes no ground for a motion for a *venire de novo.*

Same.—*Assessment of Damages.*—*Value of Property.*—*When Unnecessary to Find.*—*Harmless Error.*—Where, in an action of replevin, the property was already in the possession of the plaintiff at the time of the finding and judgment in her favor, it was not necessary that the finding of the court should assess the plaintiff's damages or establish the value of the prop-

Van Gundy *et al. v.* Carrigan.

erty. If the omission, however, was an error, it was in favor of the defendants and they can not complain.

SAME.—*Attaching Creditors.*— *Unnecessary Parties.*— *When can not Complain that Complaint is Defective.*—When attaching creditors who were unnecessary parties to an action of replevin were made parties defendant to the action instituted against a sheriff on his motion, and appeared in court and answered the complaint by a general denial, and also by an answer or cross-complaint, in which they set up their interest at length, they can not be heard to say that the complaint was defective as to them, and that they were improperly joined as defendants. Had these parties been brought into the case upon the plaintiff's motion and without any other or further averment in the complaint as to them than the following—" the plaintiff avers that the *other* defendants claim some right and title in and to the property described herein, and asks that they be required to answer their complaint, as their claims are unknown to the plaintiff"—the complaint would have been radically defective as to them. But when such parties are invited into court upon motion of defendant and by the order of court, a different rule obtains.

SAME.—*Judgment for Costs.*—It was proper to render a judgment for costs against the attaching creditors alone upon the issue tendered by their cross-complaint contesting the title to the property. The sheriff was only their representative, and he was not liable for the payment of any share of the costs.

COSTS.—*Judgment for.*—*Motion to Correct or Modify.*—*Motion in Arrest of Judgment.*—When parties are not satisfied with the judgment for costs against them in the shape in which it was rendered, their remedy is to file a motion to correct or modify the judgment. A motion in arrest of judgment does not challenge the form.

PLEADING.—*Complaint.*—*Defect of Parties.*— *Waiver of Objection.*— When a complaint might have been defective for a failure to set out the names of new parties who were brought into the case by the order of the court, an objection on that ground was waived by the said parties appearing and answering the complaint.

ARREST OF JUDGMENT.—*Joint Motion.*—*Effect of.*—A joint motion in arrest of judgment by all the defendants can not be sustained as to a part only.

SAME.— *When Motion can be Resorted to.*—*Defect in Pleadings.*—A motion in arrest of judgment can only be resorted to for a defect in the pleadings not cured by the verdict or finding or the statute of amendments or waived by failure to demur.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge,* for appellants.

*L. D. Boyd,* for appellee.

Van Gundy *et al. v.* Carrigan.

REINHARD, J.—The appellee commenced this action against the appellant Van Gundy, who was the sheriff of Carroll county, for the recovery of a stock of goods which he had in his possession by virtue of certain writs of attachment in his hands. On the motion of said appellant the several attachment creditors were made parties defendant. They filed answers setting up the facts under which they claimed said sheriff had a right to the possession of the property. Van Gundy also filed a special answer. There was a reply of denial, a trial by the court, and a finding and judgment for the plaintiff, who is the appellee here. Upon the issuing of the writ, the plaintiff having filed the required affidavit and bond therefor, the coroner, to whom the writ was issued, took the property in his possession and turned it over to the plaintiff.

The first error complained of is the overruling of the appellants' motion for a *venire de novo*. This motion was based upon the following alleged causes :

" 1. The finding of the court does not assess the plaintiff's damages.

" 2. The finding of the court does not establish or find the value of the property mentioned in the complaint and in controversy in this action.

" 3. The finding of the court is so defective and uncertain that no judgment can be rendered thereon.

" 4. The finding of the court does not embrace all the issues joined by the parties."

The form of the finding is as follows : " The court finds for the plaintiff."

It is admitted by counsel for appellant that, in an action of replevin, where both the title and right of possession are in issue, a general finding or verdict for the plaintiff is a sufficient finding of these facts. *Rowan* v. *Teague*, 24 Ind. 304; *Crocker* v. *Huffman*, 48 Ind. 207; *Payne* v. *June*, 92 Ind. 252.

The finding is therefore not " so defective and uncertain that no judgment can be rendered thereon."

That it does not cover all the issues in the case furnishes no ground for the motion. The rule, though formerly as claimed, is now firmly settled the other way. *Board, etc.,* v. *Pearson,* 120 Ind. 426.

This leaves but the 1st and 2d causes upon which the motion was based, viz., that the finding fails to assess the damages or find the value of the property.

The code provides that in actions of replevin the jury must assess the value of the property as also the damages for the taking or detention, " whenever, by their verdict, there will be a judgment for the recovery or return of the property." Section 549, R. S. 1881.

It is further provided that in such actions "judgment for the plaintiff may be for the delivery of the property or the value thereof in case a delivery can not be had, and damages for the detention. When the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for the return of•the property, or its value in case a return can not be had, and damages for the taking and withholding of the property." Section 572, R. S. 1881.

It is obvious under these provisions that it is necessary for the court or jury to find the value of the property only in cases " where there will be a judgment for the recovery or return of the property," or " for the delivery of the property or the value thereof in case a delivery can not be had," or for the value of the property where there is a judgment for the return and that can not be had. In the case at bar there was a delivery to the plaintiff under the writ, and the judgment was " that the plaintiff, at the commencement of this suit, was the owner of and entitled to possession of the property described in her complaint." The property being already in possession of the plaintiff at the time of the finding and judgment, it was not neces-

sary that she should recover judgment for possession or delivery, and hence the finding of the value was wholly unnecessary. Besides, no harm could possibly result to the appellants, or either of them, from the failure of the court to find the value, as the judgment was against them.

The same is true with reference to the failure of the court to assess any damages. At all events, if this omission is an error it is in favor of the appellants, and they can not complain. *Anderson* v. *Lane,* 32 Ind. 102.

The court properly overruled the motion for a *venire de novo.*

The appellants' motion in arrest of judgment was overruled, and this ruling is claimed to be erroneous. This motion can be resorted to only for a defect in the pleadings not cured by the verdict or finding, or the statute of amendments, or waived by failure to demur. Works Pr., section 1045.

It is argued that the complaint is defective as to all the defendants but Van Gundy. The latter, as we have seen, had possession of the disputed property, as sheriff, by virtue of certain writs of attachment. He asked that the attachment plaintiffs be made defendants to this action to answer as to their interests. The court ordered them to be made parties. With this proceeding the plaintiff below had nothing to do. Her cause of action was solely against Van Gundy, and the complaint is sufficient as against him. It is true that the appellee, after the court had ordered the attachment creditor to be made defendants to this action, inserted in the complaint the following: "And the plaintiff avers that the other defendants claim some right and title in and to the property described herein, and asks that they be required to answer this complaint, as their claims are unknown to this plaintiff." Had these parties been thus brought into

the case upon the plaintiff's motion and without any other or further averment against them in the complaint but that above set out, we think the complaint, as to them, would have been radically defective, even when tested by a motion in arrest. But where such parties are invited into court upon motion of a defendant and by the order of court, we think a different rule obtains. The complaint, upon its face, discloses a good cause of action against Van Gundy, and we agree with counsel for appellee in the belief that it was unnecessary to bring in these additional parties, as their rights could have been fully protected through Van Gundy, the sheriff. But they appeared in court, and instead of demurring or filing a disclaimer, they answered the complaint by a general denial, and in a second paragraph, which they also call an answer, but which is really a cross-complaint, they set up their interest at length, and the facts upon which they base their claim to a superior title to the property. This gave the court the undoubted right to adjudicate all disputed claims between the parties as to said property, and the appellants can not now be heard to say that they were improperly joined as defendants, when they took no steps whatever to make that fact to appear in the court below. See *Quill* v. *Gallivan*, 108 Ind. 235; *Taylor* v. *Taylor*, 64 Ind. 356. The appellants having appeared and contested the title to the goods and failed, it was eminently proper that judgment for costs should have been rendered against them upon the issue they themselves had tendered by their cross-complaint, and as the sheriff, Van Gundy, was only their representative in the unlawful detention of the property, no good reason exists why he should have been adjudged to share in the payment of costs. Besides, if the appellants, other than Van Gundy, were not satisfied with the judgment for costs in the shape in which it was entered, they should have moved a modification thereof in the trial court. Having failed to

do this, they can not now complain as to the form of the judgment. *Quill* v. *Gallivan, supra; Smith* v. *Dodds*, 35 Ind. 452; Works Pr. 1030; *American Ins. Co.* v. *Gibson*, 104 Ind. 336.

Where it is proper that some of the costs should be adjudged against a party, a judgment for all the costs is a mistake that must be taken advantage of by motion to correct or modify the judgment. A motion in arrest of judgment does not challenge the form. *Douglass* v. *State*, 72 Ind. 385.

One of the alleged defects of the complaint is the failure to set out the names of the new parties who were brought into the case by the order of court on the motion of Van Gundy. Had the complaint been assailed by demurrer, the objection might have availed the parties, but when they appeared and answered the defect was cured. *Sherrod* v. *Shirley*, 57 Ind. 13.

Moreover, the motion in arrest of judgment was a joint motion by all the defendants. The complaint is not defective as to Van Gundy. A joint motion by all the defendants can not be sustained as to a part only.

So far as the record discloses, the merits of the controversy have been fairly adjusted between the parties. The evidence is not in the record, and we do not know what was proved upon the trial. We are not able to discover any substantial error in the record.

Judgment affirmed.

Filed March 31, 1892.