No. 16,695.

PURNER *v.* KOONTZ ET AL.

VENIRE DE NOVO.—*When Should Not Be Granted.—Informal Verdict.—* A *venire de novo* should not be granted where the verdict is merely informal, but the court can understand it and render judgment thereon.

From the Montgomery Circuit Court.

*J. C. Suit, J. Claybaugh* and *N. P. Claybaugh,* for appellant.

*W. R. Moore,* for appellees.

HOWARD, C. J.—The appellant filed his complaint against the appellees, alleging that he was the owner of the undivided one-half of certain real estate described, and that the appellees were the owners of the remaining one-half, and asked for partition.

To this complaint, appellees filed a pleading which is styled an answer, but which is, in effect, a cross-complaint, and in which they admit substantially, all the facts pleaded in the complaint, but aver that the appellant received from the common ancestor and former owner of said lands advancements to an amount in excess of the full value of the lands to be partitioned, and ask that the court determine the amount of such advancements, and then make such decree of partition as will equalize the interests of the parties in the estate of said ancestor. To this pleading a general denial was filed.

The issues were submitted to a jury, who, after hearing the evidence, returned the following verdict:

"We, the jury, find that advancements were made to John Purner by his father, Amos Purner, amounting in value to five thousand and six hundred twenty-five dol-

lars ($5,625), and we find that the real estate described in the complaint is of the value of thirty-eight hundred dollars ($3,800)."

The only question argued in appellant's brief is that the court erred in overruling the motion for a *venire de novo*.

There is no issue between the parties, except as to the advancements made to appellant; and there was, therefore, nothing for the jury to find in its verdict but whether such advancements had been made, and, if so, the amount as compared with the land to be partitioned.

Counsel for appellant contend that the verdict is imperfect, for the reason that there should have been a finding for the plaintiff or for the defendant upon the issue of partition. This is, perhaps, true; but the defect is an informality, the facts found show that the appellant is not entitled to partition, that he has no interest in the real estate, but has already received more than his rightful share of the ancestral property.

Advancements must be taken into consideration in the partition of lands. Section 1203, Burns' Rev. Stat. 1894; *Scott* v. *Harris*, 127 Ind. 520; *New* v. *New*, 127 Ind. 576.

A verdict is good if the court can understand it, even though it may be informal. *Jones* v. *Julian*, 12 Ind. 274.

If, upon reasonable intendment, it can be seen that the verdict covers the issues, the court will disregard form and make the verdict serve. *Chambers* v. *Butcher*, 82 Ind. 508; *Board, etc.,* v. *Pearson*, 120 Ind. 426; *Vanvalkenberg* v. *Vanvalkenberg*, 90 Ind. 433.

In *Woolery* v. *Woolery*, 29 Ind. 249, a verdict quite similar to the one here objected to was not challenged.

In the case at bar, although the pleadings, and also the proceedings of court, including both the verdict and

the judgment, are informal and rightly subject to criticism, yet it is clear, from the record, that the ultimate judgment, "that the plaintiff take nothing by his suit," is absolutely correct, and no good end would be served by sending the case back for the correction of crude forms and irregularities.

The judgment is affirmed.

Filed Mar. 28, 1894; petition for a rehearing overruled June 19, 1894.