## CINCINNATI, HAMILTON AND DAYTON RAILWAY COMPANY *v.* McCOLLUM, GUARDIAN.

[No. 7,136. Filed February 21, 1911.]

1. MASTER AND SERVANT.—*Railroads.*—*Defective Switch Targets.*— *Interrogatories.*—Answers to interrogatories showing that the plaintiff brakeman was operating a railroad switch, and that because of a defect in the switch target it fell upon him, injuring him and causing his insanity, that by ordinary observation plaintiff would not discover the defect, that it was not apparent, and that plaintiff was of ordinary intelligence, do not overthrow a general verdict for the plaintiff. p. 186.

2. MASTER AND SERVANT. — *Railroads.*—*Witnesses.*—*Evidence.*—*Instructions.*—*Prejudicial.*—An instruction that where the witnesses in a case are equally credible and their testimony of equal weight, the party having the greater number of witnesses should prevail, is erroneous; and where the prevailing party had the greater number of witnesses the court, on appeal, cannot say that the error was not prejudicial. p. 187.

From Marion Circuit Court (15,332); *Henry Clay Allen,* Judge.

Action by Joseph M. McCollum, as guardian of Joseph W. Roebuck, a person of unsound mind, against the Cincinnati, Hamilton and Dayton Railway Company and others. From a judgment on a verdict for plaintiff for $4,500, defendant Cincinnati, Hamilton and Dayton Railway Company appeals. *Reversed.*

*John B. Elam, J. W. Fesler* and *Harvey J. Elam,* for appellant.

*J. Burdette Little,* for appellee.

ADAMS, J.—Joseph M. McCollum, as guardian of Joseph W. Roebuck, a person of unsound mind, filed his amended complaint in the court below against appellant, the Cincinnati, Indianapolis and Western Railway Company and

the Chicago, Indianapolis and Louisville Railway Company, to recover damages for personal injuries alleged to have been received by said Roebuck while in the employ of defendants as freight brakeman, by being struck on the head by an arm which fell from a defective switch target. After this appeal was taken Roebuck died, and Joseph M. McCollum, administrator of the estate of Roebuck, was substituted as appellee herein.

The negligence charged in the first paragraph is, substantially, that on September 26, 1904, and long prior thereto, defendants and each of them had negligently failed to inspect and keep in repair said switch signal; that by reason of said negligence it had become unsafe and insecure, in that the bolts and rivets of said switch signal had rusted away and fallen out, leaving it defective; that it was Roebuck's duty to operate said switch signal; that in the exercise of due care he did throw, turn and operate said signal; that because of the unsafe, unsound and insecure condition of said switch signal it fell upon Roebuck's head and injured him; that he had no knowledge of said unsafe condition.

The second and third paragraphs do not differ materially from the first. The second charges a violation of a rule requiring inspection, and the third proceeds upon the theory of a delegated supervision of such switch target.

The cause was afterwards dismissed as to the Chicago, Indianapolis and Louisville Railway Company.

Upon general issue formed, a trial was had by jury and a general verdict returned in favor of appellee's ward and against appellant. With the general verdict the jury returned answers to interrogatories. At the close of plaintiff's evidence the Cincinnati, Indianapolis and Western Railway Company successfully moved that the court grant a peremptory instruction in its favor. Appellant also moved for a peremptory instruction, which motion was overruled. Said motion was again renewed at the close of all the evi-

dence, with the same result. Over appellant's motions for judgment on the answers to interrogatories, and for a new trial, judgment was rendered on the verdict.

The errors assigned and relied upon for reversal are, the overruling of appellant's motions (1) for a peremptory instruction, (2) for judgment on the answers to interrogatories, and (3) for a new trial.

The first alleged error is waived by failure to discuss.

The jury in the answers to interrogatories found that Roebuck was injured on September 26, 1904, at Glenwood, Indiana; that while he was operating a switch the switch target, weighing about fifteen pounds, fell and hit him on the head; that the target was fastened on with two rivets just before it fell; that the target had been in substantially the same condition for over six months; that the target would "flop around when the switch was turned, and make a noise as it flopped;" that when operating the switch the head of a man six feet high would be three feet from the lower edge of the target; that another brakeman (Johnson) observed that the target was loose; that a brakeman operating the switch in an ordinary way would not observe that the target was loose; that Roebuck had not operated the switch three or four times before his injury on the day he was hurt; that he had operated it on previous occasions; that he was a freight brakeman on local freight, and had been so employed for several months; that his regular run was through Glenwood, Indiana, and that brakemen on local freight-trains through Glenwood frequently operated the switch that caused the injury; that the condition of the switch target was not readily apparent to any one who looked at it, because it was held in its proper place, but was not securely fastened; that Roebuck was a man of ordinary intelligence prior to his injury; that he was a man of sound mind at the time of his injury; that he was about six feet tall and thirty-five years of age; that the injury to his head was the cause of his insanity.

Counsel for appellant contend that appellant's motion for judgment on the answers to interrogatories should have been sustained, because they show that the defect which caused the injury was one which the plaintiff would have discovered if he had given reasonable attention to his work; that he thereby assumed the risk of that defect.

No irreconcilable conflict between the answers to interrogatories and the general verdict appears, and appellant's motion was properly overruled.

In support of appellant's motion for a new trial it is argued, among other things, that the court erred in

2.  giving to the jury, of its own motion and over appellant's objection, instruction fourteen.

The objectionable part of said instruction reads as follows: "And all other things being exactly equal in all respects, the witnesses being of equal intelligence and credibility, and possessing equal opportunities of knowledge of the matters about which they testify, and testifying with equal candor, intelligence and fairness, the weight of the evidence as to any matter may be considered by you to be on the side which has the greater number of witnesses in its favor thereon. But it does not necessarily follow that the weight of the evidence is on the side which has the greater number of witnesses. It does not depend upon the number of witnesses testifying one way or the other, but upon all the evidence in the case, whether direct or circumstantial; it is the evidence which is greater in weight and credibility."

It is not a safe practice for trial courts to instruct juries that the preponderance of the evidence in a cause can be determined by the number of witnesses testifying for or against any matter in issue. Such an instruction is, in a sense, an invitation to the jury to count the witnesses, and offers an easy method of resolving the difficult duty of weighing the evidence.

It has been held in this State that such an instruction,

where it is limited and qualified, and where it clearly appears that the jury was not misled, will be considered harmless. *Indianapolis St. R. Co.* v. *Schmidt* (1904), 163 Ind. 360; *Board, etc.,* v. *Brewington* (1881), 74 Ind. 7.

The instruction complained of in this case seems to be identical with the instruction given in the case of *Indianapolis St. R. Co.* v. *Schmidt, supra,* wherein it was held that even, if erroneous under the facts in that case, it was harmless. Since that decision, and since the trial below, the same instruction has again been considered in the case of *Warren Construction Co.* v. *Powell* (1909), 173 Ind. 207. In the last case the court held that "the court, by the instruction in question, declared to the jury an erroneous test for determining the preponderance of the evidence in the case." It was further held that under the evidence and the circumstances in that case it could not be said that the jury was not misled by the instruction in question to the prejudice of appellant, and that a reversal must follow.

Our conclusion therefore is, that unless it clearly appears that the appellant was not harmed by giving the instruction complained of, the cause must be reversed. *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369; *Porter* v. *State* (1910), 173 Ind. 694; *Hanes* v. *State* (1900), 155 Ind. 112. The record in this case shows that a greater number of witnesses testified at the trial, on material and important matters, in favor of appellee, than in favor of appellant. Under such conditions this court cannot know that the instruction was harmless.

Other alleged errors are discussed by appellant, but as they are not likely to arise at another trial they are not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial and for further proceedings in accordance with this opinion.