# THURMAN ET AL. v. MILLER.

[No. 7,597. Filed May 10, 1912.]

1. TRIAL.—*Venire De Novo.*—*Failure to Find on All the Issues.*— A failure to find on all the issues is not cause for a *venire de novo.* p. 374.

2. TRIAL.—*Verdict.*—*Requisites and Sufficiency.*—*Venire De Novo.* —A verdict, although informal, will be held sufficient and a *venire de novo* will not be granted, if on reasonable intendment it covers the issues and can be understood by the court. pp. 374, 375.

3. REPLEVIN.—*Verdict.*—*Operation and Effect.*—In an action of replevin a general finding in favor of plaintiff is in effect a finding that the plaintiff is the owner of and entitled to the possession of the property in question, but the verdict should find the damages sustained by the detention of the property. p. 374.

4. REPLEVIN.—*Action for Possession of Money.*—*Verdict.*—*Sufficiency.*—*Value of Property.*—In an action of replevin for the possession of money a verdict that the plaintiff was "entitled to recover from the defendants the $1,270 described in the complaint," and assessing the damages for the detention, was sufficient, since the word "recover" necessarily meant to "recover possession" and the money being lawful money of the United States, a finding as to its value was unnecessary. p. 376.

5. TRIAL.—*Instructions.*—*"Preponderance of the Evidence".*—An instruction that a "preponderance of the evidence" meant that which was most satisfactory to the minds of the jurors, and which stated that the question should not be determined from

the number of witnesses that testified for or against any of the points in controversy, but solely from what the jury thought the evidence showed to be the truth in the matter, although a departure from the general definition, was not misleading or harmful. p. 376.

From Pike Circuit Court, *John L. Bretz,* Judge.

Action by Margaret A. Miller against Lee Thurman and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*E. A. Ely* and *Frank Ely,* for appellants.

*E. P. Richardson* and *A. H. Taylor,* for appellees.

ADAMS, J.—This was an action in replevin, whereby appellee sought to recover possession of $1,270, lawful money of the United States, of the value of $1,270, which appellee alleged was wrongfully taken and unlawfully detained by appellants. Judgment was demanded for the possession of the money, and damages for its detention.

Appellant Thurman answered the complaint by general denial, and appellant Citizens State Bank filed answer in the form of an interpleader, admitting the custody of the money, but disclaiming any interest therein, and expressing a willingness to deliver the same to the lawful owner thereof, as ordered by the court.

Trial by jury; finding and verdict for Citizens State Bank, and the following further verdict: "We, the jury, find for the plaintiff, that she is entitled to recover from the defendants the $1,270 described in her complaint, and we assess her damages at the sum of $1,270 for the detention thereof."

Appellant Thurman filed a motion for a *venire de novo,* which was overruled, and a motion for a new trial, which was likewise overruled. The court rendered judgment on the verdict as follows: "It is therefore considered and adjudged by the court that the Citizens State Bank has no interest in said property, except that the same is held subject to the decision of this court, and that it pay over to the

plaintiff the said $1,270, and be discharged from further liability therefor. It is further adjudged by the court that the plaintiff recover of and from the defendant Lee Thurman $1,270 as her damages here, together with all her costs and charges herein laid out and expended." Appellant Thurman alone assigns errors on appeal.

These errors are (1) overruling the motion for a *venire de novo*, and (2) overruling the motion for a new trial.

As to the first error assigned, it has been held that failure to find on all the issues is not cause for a *venire de novo*.

1. *Board, etc.*, v. *Pearson* (1889), 120 Ind. 426, 430, 22 N. E. 134, 16 Am. St. 325; *Van Grundy* v. *Carrigan* (1892); 4 Ind. App. 333, 336, 30 N. E. 933.

In general, it is held that a *venire de novo* will not be granted, and a verdict will be held sufficient, if the court can understand it, even though it may be informal.

2. *Jones* v. *Julian* (1859), 12 Ind. 274; *Purner* v. *Koontz* (1894), 138 Ind. 252, 36 N. E. 1094.

If, on reasonable intendment, the verdict covers the issues, the court will disregard form, and hold the verdict sufficient. *Chambers* v. *Butcher* (1882), 82 Ind. 508; *Board, etc.*, v. *Pearson, supra; Vanvalkenberg* v. *Vanvalkenberg* (1883), 90 Ind. 433, 435.

It will be observed that the verdict herein is a general finding in favor of plaintiff, and this, in actions of replevin, is a finding that the plaintiff is the owner of and en-

3. titled to the possession of the property in question. *Van Grundy* v. *Carrigan, supra; Washburn* v. *Roberts* (1880), 72 Ind. 213, 217; *McAfee* v. *Montgomery* (1898), 21 Ind. App. 196, 198, 51 N. E. 957.

In *Payne* v. *June* (1883), 92 Ind. 252, 258, it was held that it is unnecessary for the verdict to express a finding on each averment of the complaint, the general finding being sufficient in this respect. And in *Washburn* v. *Roberts, supra*, it was held that a general finding for the plaintiff is

a finding on all the issues, and is not cut down by special matters stated in the verdict.

In *Crocker* v. *Hoffman* (1874), 48 Ind. 207, it was held that in an action of replevin, a verdict for plaintiff was, in effect, a finding that plaintiff was the owner and entitled to the possession of the property, but that the verdict should have found the damages sustained by the detention of the property.

In *Kluse* v. *Sparks* (1894), 10 Ind. App. 444, 449, 36 N. E. 914, 37 N. E. 1047, the court said: "The appellants admitted the detention of the property by denying appellee's claim of ownership set up in the complaint. The only question as to such detention was whether it was lawful or unlawful, and this question was involved in and decided by the finding that the plaintiff was the owner, and entitled to the possession of the property."

In *Mitchell* v. *Burch* (1871), 36 Ind. 529, the verdict was as follows: "We, the jury, find the property replevied to be the property of the plaintiff, and assess his damages at twenty-five dollars, and assess his damages for the detention thereof at twenty-five dollars. * * * We the jury, find the nine hogs not replevied to be the property of the plaintiff, and are of the value of ninety-five dollars, and assess his damages for the detention thereof at ninety-five dollars." In passing on the motion for a *venire de novo*, the court said: "It would have been better to have embraced the entire finding in one verdict, but the form adopted does not vitiate the verdict. * * * Whatever uncertainty there was in the verdict as to the damages was remedied and rendered certain by the court only rendering judgment for twenty-five dollars. If a verdict can be understood, it will be sustained although informal, but if so uncertain that it cannot be understood it will be set aside."

From the character of this action, we must assume that the money in question constituted a special deposit in bank.

The jury found that plaintiff was "entitled to recover from the defendants the $1,270 described in the complaint". Used in this connection, the word "recover" must be taken to mean "recover possession". The $1,270 was described in plaintiff's complaint as "lawful money of the United States", and being such, it was unnecessary for the jury to find the value of such money. There was no error in overruling the motion for a *venire de novo*.

The only objection urged under the second specification of error is that the court erred in giving to the jury of its own motion instruction eleven. By instruction ten the court fully and correctly told the jury how it should consider and weigh the evidence, and determine from the preponderance thereof the rightful owner of the property in dispute. Instruction eleven is as follows: "By a preponderance of the evidence is meant that which is most satisfactory to your minds, and, in determining that question, you have no right to count the number of witnesses that have testified for or against any of the points in controversy, but determine it solely and alone from what you think the evidence shows the truth to be in the matter."

This instruction is a departure from the usual method of defining preponderance of evidence. It is clear that to preponderate is to outweigh, and yet we would hesitate to say that the language used in the instruction does not mean the same thing, or that evidence most satisfactory to the minds of the jury is not evidence having the greater weight.

The court was right in saying to the jury that in determining the preponderance of the evidence "you have no right to count the number of witnesses that have testified for or against any point in controversy." Determining the preponderance of the evidence by the greater number of witnesses testifying for or against any matter in controversy, has been held to be an erroneous test, even in a case where the witnesses are of equal intelligence and credibility, with equal opportunities of knowledge of the matters about which

they testify, and testifying with equal candor, intelligence and fairness, and all other things being equal in all respects. *Warren Construction Co.* v. *Powell* (1909), 173 Ind. 207, 214, 89 N. E. 857; *Cincinnati, etc., R. Co.* v. *McCullom* (1911), 47 Ind. App. 184, 93 N. E. 1033. The single purpose of the jury is to ascertain the truth, if possible; but where the testimony is conflicting, the verdict must rest on the greater weight of all the evidence.

The jurors were not told in this instruction to find a verdict which would be most satisfactory to their minds, as in the case of *Nickey* v. *Steuder* (1905), 164 Ind. 189, 73 N. E. 117, disapproved by the Supreme Court, but to determine the preponderance alone from what the evidence shows the truth to be. While not commending the instruction, we cannot believe that it was misleading to the jury, or that it was harmful to appellant Thurman.

The judgment is affirmed.

NOTE.—Reported in 98 N. E. 379. See, also, under (1) 29 Cyc. 816; (2) 29 Cyc. 817; (3) 34 Cyc. 1525, 1537; (4) 34 Cyc. 1533; (5) 38 Cyc. 1750. As to money as the subject of replevin, see 80 Am. St. 757.