P. M. BROWN v. H. FRANK HOLMAN, Administrator of Estate of ISAAC BROWN, Appellant.

Division One, July 30, 1926.

**1. INSTRUCTIONS: Quantum Meruit: Services of Son for Father.** The instructions set out in full in this case, wherein a son seeks to recover the reasonable value of his services rendered his father during a period of fifteen years, under an agreement or understanding that he would be com-

pensated, properly declared the law, and are not contradictory or misleading or confusing.

2. ———: **Witness: Other Party Dead: Explaining Disqualification.** In a suit by a son against the administrator of his deceased father's estate for the reasonable value of services rendered the father in pursuance to an agreement or understanding that he would be paid, an instruction that "the claimant is incompetent to testify in his own favor, except as to such acts and contracts as have been done or made since the appointment of the administrator," where no testimony is given pertaining to the question of his competency, is not erroneous as a comment upon his disqualification, or as tending to confuse or mislead the jury to the administrator's injury, but its aim is to charge the jury that no unfavorable inference is to be drawn from the fact that he did not testify; but the giving of such an instruction is not to be encouraged.

---

Corpus Juris-Cyc. References: **Appeal and Error,** 4 C. J., Section 2834, p. 852, n. 57; Section 3013, p. 1029, n. 30. **Executors and Administrators,** 24 C. J., Section 2192, p. 874, n. 21. **Trial,** 38 Cyc., p. 1745, n. 47.

Appeal from Randolph Circuit Court.—*Hon. A. W. Walker,* Judge.

AFFIRMED.

*M. J. Lilly, W. B. Stone* and *J. H. Whitecotton* for appellant.

(1) The demands of both Mary Catherine Brown and Amanda Brown should have been admitted in evidence as they tended to show the interest these witnesses had had in the cause and especially prior to the dismissal of their several claims, and also to show the circumstances and surroundings under which all of these claims were filed, including that of claimant. This is especially true when the plaintiff is depending on the facts and circumstances in evidence to overcome the presumption that the services were gratuitous. (a) Exhibit A, offered by plaintiff, should not have been admitted in evidence, being incompetent for any purpose and only tended to confuse the jury under the issues in the case, and especially for the reason that if it is anything it is an attempted testamentary disposition of deceased's property. It could not be introduced on the grounds that it was an exception to the hearsay doctrine for the reason that in all the cases cited the exception applied when the statement refers to a past fact or facts, and is not competent in any instance where it is the initial testimony of the transaction it refers to. (b) The testimony of witness Mary Catherine Brown as to the reasonable value of services of claimant was incompetent for the reason that she had not shown herself to be qualified to testify as to value of such services and appellant's objection thereto should have been sustained. (2) This being an action to recover for services performed

by the son to the father there is no presumption in law that the services rendered if any were to be paid for. Such services are the subject of contract, and may be rendered under a contract between the parties, and the contract may not be in express terms but may be implied; but before an implication will arise it must be shown by substantial testimony that there was a contractual intention and understanding between the parties and an expectation to pay wages by one party and the expectation and intention to receive pay by the other at the time the services were performed, and not *thereafter.* This being the law, the testimony in this case failed to meet the requirements thereof, and the demurrer asked at the close of plaintiff's case in chief should have been given, under the authorities in this State. Taylor v. George, 161 S. W. 1187; Clow v. Wormington, 206 S. W. 415; Smith v. Davis Estate, 230 S. W. 670; Crowley v. Dagley, 174 Mo. App. 561; Wood v. Louis Estate, 167 S. W. 669. (a) Where the family relation exists as in this case there must be clear and convincing testimony to the effect that the services were rendered in pursuance to a contract by the terms of which the parent was bound to pay for the services and the one rendering the same did so at the time expecting to be remunerated therefor. There must be a mutual agreement, express or that can be reasonably implied from the facts and circumstances, a concurrence of the minds of each as to the services. Bircher v. Boemler, 204 Mo. 554; Lillard v. Wilson, 178 Mo. 145. (b) The expectation or intention on the part of the parent to bestow a bounty and an expectation on the part of the party performing the services to receive a bounty, nor the expectation on the part of the claimant that he will be made a beneficiary in the other party's will, is not sufficient. There must be an understanding of a debtor and creditor relation capable of being enforced in law at the time. There must be brought into existence a legal obligation. Bircher v. Boemler, 204 Mo. 554; Woods v. Land, 30 Mo. App. 176; Taylor v. George, 161 S. W. 1187. (3) Instructions A, B, C and D, given plaintiff by the court, at plaintiff's request, are each of them erroneous and do not properly declare the law in this case. (a) Instruction A is erroneous in that it fails to properly condition the right of plaintiff to recover unless the agreement was made at the time of the rendering of the services. This instruction leaves that question open and permits the jury to make a finding in favor of the plaintiff although there was no understanding or agreement at the time of the rendering of said services that the plaintiff was to receive pay for the same and that Isaac Brown was to pay him therefor. This instruction is further objectionable and erroneous in that it allowed the jury or rather directed them to allow in their verdict such sum as they should find from the evidence in the case to be the reasonable value of the services rendered, for which he

has not been paid. This is confusing to the jury and raises a question not in the pleadings or in the evidence. There was no testimony that he had been paid for the services sued for. The question at issue was, first the right of the plaintiff to recover for the services alleged, and second what was the reasonable value of the services, and the question of payment was not in the case. (b) The same objection is good as to Instruction B, and we make the further objection that there is no testimony warranting the giving of that part of the instruction that "it is not sufficient if you believe that the father's intention was only to leave property at his death to the plaintiff." There is no proof warranting such a conditioning of said instruction unless Exhibit A is to be considered as an attempt to make a testamentary disposition of said Isaac Brown's property at his death, and that is inconsistent with the plaintiff's theory in this case that that was only evidence tending to show a contractual relation between the parties. The other testimony as to payment was that "Isaac Brown stated in the presence of Evans that Cella was to have everything he had left to pay him for his work he had done for him." (c) Instruction C is subject to the same objection and it also is inconsistent with Instruction A and especially as to what the jury should find, and also this instruction magnifies further the compensation or benefits that plaintiff may have received with no testimony whatever on which to bottom the same. (d) Instruction D is a comment on the disqualification of the claimant without any testimony being given raising the question of his incompetency. This instruction could only tend to confuse or mislead the jury to the defendant's injury, and there was no necessity or authority whatever for the giving of said instruction, and we find no authority for the giving of the same other than the case of Bank v. Nichols, 43 Mo. App. 385, 396. That case has never been followed and the same in a way has been criticized in the case of Gag v. Mears, 107 Mo. App. 140, 148.

*Hunter & Chamier* and *J. P. Boyd* for respondent.

(1) Whether there was an agreement on the part of the father to pay, and an intention on the part of the respondent to charge, was not a ground for a new trial. Bagnell v. Railway, 242 Mo. 21. (2) It cannot matter that the deceased did not intent that the claimant should be paid for his services until after the death of the father or out of the property left by him. The real question is whether it was the mutual understanding and intention of the parties that plaintiff's services were to be paid for. In the case of Hyde v. Honiter, 175 Mo. App. 583, is a case wherein the evidence was very much of the same order as the evidence in the

case at bar, and the court held that it was a question for the jury to determine whether there was a contract or not. If this court should decide that the question of whether the case should have gone to the jury or not has not been once passed on by this court; we submit the following authorities and say that it should have been submitted to the jury: Le Count v. Fountain's Estate, 182 S. W. 102; Burt v. Gabbert, 174 Mo. App. 521; Hays v. Moller's Estate, 198 Mo. App. 72; Hartley v. Hartley, 173 Mo. App. 18; Christianson v. McDermott, 123 Mo. App. 448; Cupp v. McCallister, 144 Mo. App. 111. (3) Instructions A, B, C and D, given at the request of plaintiff, properly declare the law of the case. Guenther v. Birkicht, 22 Mo. 439. (4) Instruction D was specifically approved in the case of Bank v. Nichols, 43 Mo. App. 396. Respondent specifically asserts that the case of Gage v. Mears, 107 Mo. App. 148, does not criticise the case of Bank v. Nichols.

OTTO, J.—This cause was in this court on a former appeal. [See Brown v. Holman, 238 S. W. 1065.] By the opinion rendered in that case the judgment was reversed and the cause remanded for a new trial because of error on the part of the trial court in refusing to admit in evidence a document designated and referred to therein and herein as plaintiff's "Exhibit A."

The action is against the administrator of the estate of Isaac Brown, deceased, for compensation for services rendered by plaintiff, who was a son of the deceased, as manager and foreman of the farm of said deceased, and labor performed on said farm from September 13, 1885, to March 17, 1917, being thirty-one and one-half years, at $600 per year. A verdict was returned in favor of plaintiff in the sum of $9,000, and judgment therefor was accordingly entered. The administrator appeals.

The facts, which are substantially the same as in the former trial, are amply set out in the former opinion of this court and a re-statement of them is deemed unnecessary.

The opinion rendered by this court in the former appeal is decisive of every contention, which merits consideration, made by appellant at this time, excepting, however, the errors assigned in the giving and refusing of instructions, other than instructions in the nature of demurrers to the evidence.

Instruction A for plaintiff reads as follows:

"The court instructs the jury that if you believe and find from the greater weight of the evidence in this case that the claimant P. M. Brown between September 13, 1885, and March 17, 1917, rendered valuable services to his father, Isaac Brown, now deceased, in managing and doing manual labor on the farm of his said father in Randolph County, Missouri, and in taking care of the stock of

his father thereon, and that it was understood and agreed by· and between said claimant and his said father that P. M. Brown was to receive pay for such services, and that said Isaac Brown was to pay him therefor, then you will find for the said claimant, P. M. Brown, and allow him in your verdict such sum as you may believe and find from the evidence in this case to be the reasonable value of such services rendered by him during said time for which he has not been paid.''

Appellant charges error in the giving of this instruction in that it fails to properly condition the right of the plaintiff to recover unless the agreement was made at the time of the rendering of the services; that it leaves that question open and permits the jury to make a finding in favor of the plaintiff although there was no understanding or agreement at the time of the rendering of said services that the plaintiff was to receive pay for the same, and that Isaac Brown was to pay him therefor; that it allowed the jury, or directed them to allow, such sum as they should find from the evidence in the case to be the reasonable value of the services rendered, for which plaintiff had not been paid; that it is confusing, and raises a question not in the pleadings or in the evidence.

Instruction B for the plaintiff is in the following language:

''The court instructs the jury that if you find and believe from the evidence that the plaintiff continued to reside on his father's farm and lived in his father's house as a member of his family on and after he became of age, the mere fact that the plaintiff worked on his father's farm and rendered services thereon during the time alleged in his statement, does not entitle him to recover in this case, unless you find that there was an understanding or agreement between the plaintiff and his father, or that there are facts and circumstances in evidence from which you may and do reasonably infer an understanding or agreement, both that the plaintiff was to receive pay for such services on the one hand and that the father was to pay for the same on the other, and, it is not sufficient if you believe that the father's intention was only to leave property at his death to the plaintiff.''

Instruction C is as follows:

''The court instructs the jury that by his complaint plaintiff sues for the reasonable value of services alleged and if, under the evidence, and other instructions, you find for the plaintiff, then by your ver· dict you should allow him such and only such amount as you may believe from the evidence represents the reasonable value of all services found by you to have been performed by plaintiff 'in managing and running farms, managing, taking care of live stock, doing labor on said farms and in transacting business in connection with said farms and live stock,' less the reasonable value of any compensa-

tion or benefits, if any, that you believe the plaintiff received from the decedent, Isaac Brown, on account of such services."

The same objections as are raised against Instruction A are lodged against Instruction B, together with the further objection that there is no testimony warranting the giving of that part of Instruction B which reads as follows: "It is not sufficient if you believe that the father's intention was only to leave property at his death to the plaintiff."

Like objection is made to Instruction C, as to which it is also claimed that it is inconsistent with Instruction A, especially as to what the jury should find, and that this instruction magnifies further the compensation or benefits that plaintiff may have received, with no testimony whatever on which to bottom the same.

There is testimony in the record from which it is reasonably inferable that plaintiff received nothing as payment for his services other than his board and room.

There is testimony to the effect that plaintiff, during his father's lifetime, owned, or claimed, a mare and a horse, and that after his father's death he claimed five head of horses, nine jennies, two cows, two calves, several articles of farm machinery, forty-two head of sheep, forty-two lambs, hay and corn and all grain not sold at the sale. This property, according to the evidence, was of the fair market value of $2,500.

There was no testimony that this property had been received by plaintiff, from his father, or from his father's estate, as payment, or part payment, for his services rendered. However, if the jury, under the instruction complained of, assumed the right to consider the value of said property as part payment of plaintiff's claim, and did so consider it, no harm could have resulted to appellant thereby.

The instructions hereinabove set out, in substance, correctly state the law applicable to the case. [Sprague v. Sea, 152 Mo. l. c. 335 et seq.; Wandling v. Broaddus, 265 S. W. l. c. 1005.] Therefore, the objections of learned counsel for appellant with respect to said instructions must be, and are hereby overruled.

Instruction D given to the jury is as follows:

"The court instructs the jury that the claimant, P. M. Brown, is incompetent to testify in his own favor, except as to such acts and contracts as have been done or made since the appointment of the administrator of the estate of Isaac Brown, deceased."

Appellant claims error in the giving of this instruction on the ground that it is a comment on the disqualification of the claimant without any testimony being given raising the question of his competency, and that the instruction could only tend to confuse or mislead the jury to the defendant's injury.

By statute, Section 5410, Revised Statutes 1919, a person is disqualified as a witness in actions where one of the original parties to the contract or cause of action in issue and on trial is dead.

In Adams v. Main, 3 Ind. App. 232, 29 N. E. 792, it was held that where by statute a wife is made incompetent as a witness, in an action by her husband to recover damages for alienating her affections, it is not improper for the court to charge the jury that no inference is to be drawn for or against either party from the fact that the wife has not testified. The instruction complained of in that case is as follows: "This being an action by a husband for the seduction of his wife, the wife is excluded from testifying, and is not a competent witness, and no inference is to be drawn for or against either party to this suit from the fact that the plaintiff's wife has not testified."

Section 501 of the statutes of that state provided that the husband shall be a competent witness in a suit for the seduction of his wife, but she shall not be competent.

While Instruction D does not, in so many words, charge that no unfavorable inferences are to be drawn from the fact that the plaintiff did not testify, that is its aim and purport, and, while we do not encourage the giving of such instruction in cases like the one at hand, we hold that the lower court did not commit error in the giving thereof.

As concluded in the former opinion in this cause, the evidence adduced justifies the inference that there was a mutual understanding or agreement between plaintiff and the deceased that plaintiff was to be paid for his services; and, the entire evidence being sufficient to submit to the jury the issue as to whether or not there was such an understanding or agreement, and finding no reversible error in the record, the judgment of the trial court is affirmed. It is so ordered. All concur, except *Graves, J.,* absent.